126 So.2d 119

### UNITED TELEPHONE AND TELEGRAPH COMPANY

v.

### Sherman CULIVER.

4 Div. 31.

Supreme Court of Alabama.

Jan. 12, 1961.

Robt. C. Reid, Andalusia, for appellant.

A. R. Powell, Jr., Andalusia, for appellee.

LAWSON, Justice.

Proceedings under the Workmen's Compensation Law (Chapter 5, Title 26, Code 1940, as amended) by Sherman Culiver against United Telephone and Telegraph Company, a corporation. From a judgment awarding compensation the employer Telephone Company has obtained review by certiorari.

"Accident" is defined in our Workmen's Compensation Law to mean "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body, by accidental means." § 262(i), Title 26, Code 1940.

The evidence for the plaintiff tended to show that sometime between September, 1956, and June, 1958, while working for the defendant as a janitor the head of the femur in plaintiff's left leg deteriorated, causing him pain and inconvenience to such an extent that he had to give up his job.

The trial court found that this condition was "a result of the walking done by him [plaintiff], climbing of stairs done by him and the carrying of various items up and down stairs in and about said office building and Telephone Exchange all in the discharge of his duties as janitor."

In several recent cases this court has held that where the proximate cause of the plaintiff's injury was the strain or exertion of his work (as distinguished from exposure), a finding by the trial court that the plaintiff had been subjected to unusual strain or overexertion was not necessary to support a conclusion that the injury was caused by an accident arising out of his employment. Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204; Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291; Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159.

But in each of the cases cited the evidence showed a sudden injury at a specific time, as do the cases of State ex rel. Puhlmann v. District Court of Brown County, 137 Minn. 30, 162 N.W. 678, and Caddy v. R. Maturi & Co., 217 Minn. 207, 14 N.W.2d 393, cited by appellee. The same is true of Pow v. Southern Const. Co., 235 Ala. 580, 180 So. 288, cited by appellee.

It has generally been assumed that the accident concept includes an element of reasonable definiteness in time, as distinguished from gradual disintegration or deterioration. Larson's Workmen's Compensation Law, Vol. 1, § 39.10, p. 568. In Consolidated Coal Co. v. Dill, 248 Ala. 5, 26 So.2d 88, we upheld an award to the employee for injuries to his eyes caused from the glare of electric lights too close to his face during a two-months period. And in New River Coal Co. v. Files, 215 Ala. 64, 65, 109 So. 360, we said:

"* * * Whether his suffocation resulted from breathing such air for several hours, or the inflowing air from the other room for a few minutes, the event 'happened suddenly and violently,' as contradistinguished from occupational disease. Taking this evidence as true, the injury was referable to a definite time, place, and circumstances. * * *"

But in this case the evidence does not show that anything happened suddenly or violently to plaintiff or to any part of his body, on any particular day or days

during the twenty-three months of his employment as a janitor.

We think the case here is controlled by our case of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530, where we quoted approvingly from the Minnesota case of Young v. Melrose Granite Co., 152 Minn. 512, 189 N.W. 426, 29 A.L.R. 506, as follows:

" * * * 'We are mindful of the legislative design to compensate those accidentally injured in the operation of our industries, but we also see in the care with which such injuries are defined an intention not to cover ailments of gradual development which ingenious medical experts may by uncertain theories trace back over months and years as due to overwork or too long continued exertion of some muscles. The fact that the law specifically denies compensation unless the employer obtains knowledge of the injury or notice of the same be served upon him within 90 days after its occurrence indicates an intention not to include such as the case at bar, which takes months or even years to manifest itself.' " 234 Ala. 319, 174 So. 535.

We feel constrained to reverse the judgment of the trial court.

■ If this cause is tried again, it is hoped that the trial judge will include in his judgment a complete statement of the law, facts and conclusions as determined by him. § 304, Title 26, Code 1940, as amended; West Point Mfg. Co. v. Bennett, 263 Ala. 571, 83 So.2d 303. The trial judge should make a finding of every fact necessary to sustain the judgment of the court. Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345; Alabama Textile Products Corp. v. Grantham, supra.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.