Does the gradual inhalation of paint fumes constitute an "accident" as that word is used in the Workmen's Compensation Act? We answer in the affirmative, and affirm the trial court's grant of summary judgment in favor of the defendant employer on this aspect of the employee's claim.
Appellant, Theresa Kane, had been an employee of the Bell System for several years, and at the time of her alleged injury was working in Birmingham. In February, 1976, she was transferred into a room which was in the process of being renovated. She claimed that filing cabinets located nearby were being painted in the evening while she was not at work, and that her work area had poor ventilation, causing fumes from the paint to collect and remain within the room. She contends that the fumes caused her discomfort and pain, but when she asked to be relocated, she was told to remain at her location. She alleged that she became ill and had to be driven home, that she received treatment by a physician for an acute sinus infection, and was confined to her bed. Several weeks later, she claimed that she experienced serious chest pains and was informed by a specialist that she had suffered a heart attack. She remained confined to the hospital for three weeks, and she claimed that while she was there, she was harassed by personnel of South Central Bell.
In her complaint against Bell and her supervisor, she asserted five common law causes of action. She was allowed to amend her complaint to include a claim under workmen's compensation. The defendants moved for summary judgment which the trial judge granted, allowing only the workmen's compensation claim to stand. The trial court made what we have accepted as a determination under Rule 54 (b) that there was no just reason for delay and entered a final judgment on Kane's claim against her employer that she was injured because of the inhalation of paint fumes. This appeal followed. We affirm. *Page 4 
The sole issue presented by the parties for our review is whether the absorption of paint fumes over a two-day period constitutes an "accident" as that term is used in the Alabama Workmen's Compensation Act, Sections 25-5-1 (8), -31 Code (1975), in which case the Act provides the exclusive remedy for appellant's claim.
Section 25-5-31 provides:
 "RIGHT OF ACTION FOR DAMAGES FOR INJURIES OR DEATH OF EMPLOYEE.
 "When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer; provided, that the injury or death was not caused by the wilful misconduct of the employee or was not due to misconduct on his part, as defined in section 25-5-51. . . ." (Emphasis added).
and the definitional portion of the Act, section 25-5-1 (8), provides:
 "ACCIDENT. Such term, as used in the phrases `personal injuries due to accident' or `injuries or death caused by accident' shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means."
The employee asks us to find that her injuries were not caused by an "accident," because she insists they were incurred over an extended period of time and therefore they cannot be covered by the Act which is intended to cover only injuries "happening suddenly and violently." We disagree.
The "suddenly and violently" language has been in the Alabama Workmen's Compensation Act since its inception, Section 7596, Code of Alabama (1923). The appellant relies on Gentry v. SwannChemical Co., 234 Ala. 313, 174 So. 530 (1937), where this Court strictly applied these words. We are of the opinion, however, that Gentry is distinguishable on its facts since in that case the plaintiff's contact with the injury causing substance was continual over a period of six months. The facts of this case, on the other hand, bring it within the rule as stated in 1A, A. Larson, The Law of Workmen's Compensation, § 39.20 (1973):
 "A review of the cases cited will show virtual agreement [that injury was caused by an accident] when the cause of injury is several hours of excessive inhalation of carbon monoxide or other gas, or a few days' exposure to harmful dust, fumes or acids."
In City of Tuscaloosa v. Howard, 55 Ala. App. 701,318 So.2d 729 (1975), the Court of Civil Appeals reviewed the application of section 25-5-1 (8) by the appellate courts of this state:
 ". . . Sec. 262 [§ 25-5-1] of the Act defines `accident' as `an unexpected or unforeseen event, happening suddenly and violently, . . . producing at the time injury to the physical structure of the body by accidental means.' The cases applying this definition are legion in this state and others. Many law review articles and treatises have been written concerning its meaning and application. Its application has been particularly difficult in heart attack cases. The results of its application have been varied and often difficult to distinguish on the facts presented. For many years the appellate courts of this state held that `accident' related to the event causing the injury rather than the result, and that such event must happen suddenly and violently, be of an unusual nature and foreign to the usual occurrences on the job. An example of such interpretation is the case of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530. Beginning with the case of Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565, and finding *Page 5 
full expression in the case of Pow v. Southern Const. Co., 235 Ala. 580, 180 So. 288, our courts came to the conclusion that if the job caused the injury it was an accident under the intent of the Act. The requirement that there must be shown a violent and unusual event which causes the injury was replaced by the principle that there was an accident if the result was unexpected and unforeseen and it was caused by the job. We have arrived at the point of determining if the job caused the injury or death. Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159; Reynolds Metals Co. v. Gray, [278 Ala. 309, 178 So.2d 87] supra; B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37." (Emphasis added).
In Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App. 1976) that court restated the test:
 "If in the performance of the duties for which he is employed an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment and be an accident under the statute. . . ." 55 Ala. App. at 705, 318 So.2d at 732.
This Court has stated that the Workmen's Compensation Act must be liberally construed in favor of the workman, Riley v.Perkins, 282 Ala. 629, 213 So.2d 796 (1968), and this rule of construction applies in all cases, even when asserted by a defendant as a limitation upon his liability. In CarrawayMethodist Hospital v. Pitts, 256 Ala. 665, 57 So.2d 96 (1952), we spoke to this issue:
 ". . . practically all courts are agreed that there should be accorded to the workmen's compensation law a broad and liberal construction. But it is also agreed that this law does not mean one thing when it is to the advantage of an employee so to maintain, and something else when an employer invokes the protection of the law in his favor."
We hold the employee's injuries were accidental within the meaning of Sections 25-5-1 (8), and -31 and therefore her exclusive remedy is under the Workmen's Compensation Act.Slagle v. Reynolds Metal Co., 344 So.2d 1216 (Ala. 1977). The circuit court's grant of summary judgment in favor of South Central Bell is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
 ON REHEARING