I concur specially in this case. In the beginning of our consideration of this case and after oral argument, I had doubts as to whether the facts brought this plaintiff's claim within the Occupational Disease statute or whether it was subject to the "accident" provisions of Article 3 of the Workmen's Compensation Law. If plaintiff's disease was accidental, as we have come to interpret the term "accident" in cases such as Kane v. South Central Telephone Co., 368 So.2d 3
(Ala. 1979); Young v. City of Huntsville, 342 So.2d 918
(Ala.Civ.App. 1976); City of Tuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729 (1975); B.F. *Page 417 Goodrich v. Martin, 47 Ala. App. 244, 253 So.2d 37 (1971), it could not be an occupational disease, for the last sentence of § 25-5-110 (1) says: "The term `occupational disease' shall not include accidents within the meaning of Articles 3, 5 and 7 of this chapter."
I would have no difficulty in categorizing plaintiff's bronchitis as an accident, even though it resulted from a long term exposure to chemicals or gases. This is so even though the court in Kane indicated a continued adherence to the "sudden and violent" definition of an accident as followed in the case of Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530
(1937). The court distinguished its holding in Kane from that of Gentry because of the brevity of Kane's exposure to the paint fumes. I submit that if the job causes an injury or unexpected disease whether from brief or extended exposure it should be compensable as an accident. Otherwise we must determine "accident" according to some scale of time of exposure or suddenness of onset.
I consider that the occupational disease statutes, by definition and reason, relate to a particular occupation or industry. Each of the specific occupational diseases provided by statute relates to a general classification or occupation,i.e., coal miners, textile workers, radiation workers, and workers exposed to dust and silica regularly and peculiarly as an incident of their job. §§ 25-5-140 to 203. Even firemen are regularly exposed as a general group to the conditions contributing to heart disease. § 11-43-144. I do not believe even the general definition of occupational disease contained in § 25-5-110 was intended to apply to one worker employed on an assembly line who is exposed to an element or a condition not common to his fellow employees, which causes him to develop a common disease such as bronchitis.
I concur in the result because there is proof that plaintiff developed a job-caused disease and therefore it should be compensable. Whether classified as an accident or occupational disease, the claim was filed as an occupational disease claim and was tried on that basis. I would not deny compensation because the claim should have been filed as an accident. I would reverse on the claim as filed and return the case to the trial court for reconsideration of whether there was a compensable accident. A workmen's compensation claim should not be denied because of claiming under the wrong section of the law. The majority disagreed with my view. Because the evidence supports compensation, I agree with the result of the majority.