WRIGHT, Presiding Judge.
This is a workmen’s compensation case. On October 30,1981, Isabella Stokes (Ms. Hatch) filed a complaint against Atrax, her employer, alleging that she was exposed to powdered metals (tungsten carbide) in the course of her employment causing her to suffer chronic bronchitis or asthma and other physical problems. She alleged that she had contracted an occupational disease through an “accident” within the meaning of § 25-5-1, Code of Alabama 1975, or an occupational disease within the meaning of § 25-5-110. On January 11, 1982, Gary Hinton filed a similar complaint. Ms. Hatch’s case was consolidated on May 29, 1984, with three other cases, including Mr. Hinton’s, and trial was commenced. A final judgment was rendered on June 14, 1984, in which the trial court found that both Hatch and Hinton suffered only a temporary allergic reaction, leaving no residual impairment. Both Hatch and Hinton appeal, contending that the trial court’s findings are contrary to the law and without support in the evidence.
The standard of review an appellate court must apply to an Alabama workmen’s *968 compensation case is limited in nature. The reviewing court merely looks to see if there is any evidence to support the finding of facts by the trial court. Allen v. Metro Contract Services, Inc., 421 So.2d 1289 (Ala.Civ.App.1982).
An “occupational disease” is a disease arising out of one’s employment, caused by a hazard peculiar to such employment or in excess of those hazards ordinarily encountered in employment. § 25-5-110. In addition, such disease must be a serious disorder which has impaired the constitution or left in its wake some organic or chronic effect which has undermined the general health. Chrysler Corporation v. Henley, 400 So.2d 412 (Ala.Civ.App.1981).
The case at bar is controlled by the legal principles espoused by this court in Dodson v. Atrax Division of Wallace-Murray Corp., 437 So.2d 1294 (Ala.Civ.App. 1983). In Dodson, we held that allergies are compensable occupational diseases if there is a chronic, continuing sensitivity or susceptibility created by the exposure to the hazard, which in turn causes an earning impairment. But we also held that the trial court erred in denying the employee workmen’s compensation benefits because the testimony showing that claimant suffered from a disease that could have been caused or aggravated by exposure to conditions on his job was uncontradicted. Dodson, at 1297.
In contrast, the case at bar has an abundance of contradictions in testimony. Dr. Rice, the plaintiff’s expert witness, stated on direct examination that Ms. Hatch and Mr. Hinton would tend to suffer an increased sensitivity to fumes, dust and other irritants in the future because of exposure to tungsten carbide on their job. On cross examination, however, Dr. Rice said he could not say to a reasonable medical certainty whether Ms. Hatch or Mr. Hinton actually had an increased sensitivity to their lungs.
At one point in Ms. Hatch’s testimony, when she was asked whether she had any health problems since leaving work, she replied she had not. Similarly, when Mr. Hinton was asked about his health, he also stated he had no present health problems. Mr. Hinton, at the time, was working for an apartment complex, doing some painting and cleaning apartments, as well as cutting grass.
Atrax also presented an expert witness, Dr. Bailey, who testified that it is highly unlikely that the sensitivity caused by the tungsten carbide was anything more than temporary.
The trial court in its final judgment made the following finding:
“This Court has carefully weighed all of the facts and reconciled the conflicts in the evidence. This Court has considered the demeanor of the witnesses and this Court concludes, based upon the principles in Dodson, supra, that the plaintiff’s condition, whether caused or aggravated by exposure to tungsten carbide was temporary in nature.”
It must be recognized that the results in this case are opposite to that of Dodson. However, it must also be recognized that each case must be decided on its own evidence. It must further be remembered that from conflicting evidence there may be different conclusions. The standard of our review in workmen’s compensation cases requires this court to affirm the trial judge if any evidence in the record supports his/her conclusion.
We find there is some evidence to support the trial court’s findings and we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.