This is a workmen's compensation case.
Claimant was an employee of United Parcel Service (UPS). Her work entailed delivering packages on a daily route through the business district of Anniston, Alabama. In October 1983, she brought a complaint against UPS seeking workmen's compensation benefits in three counts. In the first count, claimant sought compensation benefits for a heat stroke she suffered while making deliveries. This count was settled between the parties, and the settlement was accepted by the court. Therefore, it is of import to this appeal only as background to the issue raised herein. In count two, the claimant sought compensation for a mental disability she allegedly developed as a result of harassment and pressure exerted upon her by her supervisors. Similarly, in count three, she sought compensation for an anxiety neurosis condition she allegedly suffers from as a result of job stress as well as harassing and discriminating tactics which had been practiced against her by her supervisors. The parties stipulated that the claimant's alleged mental disorder or disability was not proximately related to any physical injury or physical trauma.
After a hearing, the court granted summary judgment in favor of UPS on counts two and three because it found that "mental disability caused by job-related stress without physical trauma is not compensable under Alabama's Workmen's Compensation Statute." The claimant appeals.
A summary judgment may be granted only if the trial court determines that (1) there is no genuine issue of material fact in the case and (2) that the moving party is entitled to judgment as a matter of law. Silk v. Merrill Lynch, Pierce,Fenner Smith, Inc., 437 So.2d 112 (Ala. 1983). Claimant argues that the second part of the test has not been met because the trial *Page 56 
court has erroneously construed Alabama's Workmen's Compensation Act. The dispositive issue becomes: Does Alabama's Workmen's Compensation Act (Act), §§ 25-5-1 to 231, Code of Alabama 1975, allow an employee to recover compensation benefits for a psychic, emotional, mental or nervous injury which arises out of and in the course of his employment but when there has been no accident resulting in physical injury or trauma?
An employee's right of action for damages for injuries or death under the Act is expressed in § 25-5-31:
 "When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer; provided, that the injury or death was not caused by the wilful misconduct of the employee or was not due to misconduct on his part, as defined in section 25-5-51."
Under this section, it is clear that only those injuries which are caused by "an accident arising out of and in the course of his [her] employment" are compensable. See City ofTuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729 (1975).
The claimant has alleged in her complaint that her mental disabilities "arose out of and in the course of her employment." This allegation is supported by the affidavit of her doctor which was submitted in response to the UPS motion for summary judgment. Therefore, this allegation must be taken as true. Southern States Coal, Inc. v. Bryant General TireCompany, 383 So.2d 198 (Ala.Civ.App. 1980); Arata v.Martin-Prine Entertainment, Inc., 342 So.2d 925 (Ala.Civ.App. 1977). The only remaining question is whether claimant's mental injury can be considered an "accident" as envisioned by the legislature when it enacted § 25-5-31.
The term "accident" as it is used in § 25-5-31 is defined in § 25-5-1 (8) as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means."
The construction of this definition has been at issue in more than a few of Alabama's appellate cases. Over time, as we observed in City of Tuscaloosa, supra, the accepted construction has undergone change:
 "For many years the appellate courts of this state held that `accident' related to the event causing the injury rather than the result, and that such event must happen suddenly and violently, be of an unusual nature and foreign to the usual occurrences on the job. An example of such interpretation is the case of Gentry vs. Swann Chemical Co., 234 Ala. 313, 174 So. 530. Beginning with the case of Gulf States Steel Co. vs. Christison, 228 Ala. 622, 154 So. 565 and finding full expression in the case of Pow v. Southern Const. Co., 235 Ala. 580, 180 So. 288, our courts came to the conclusion that if the job caused the injury it was an accident under the intent of the Act. The requirement that there must be shown a violent and unusual event which causes the injury was replaced by the principle that there was an accident if the result was unexpected and unforeseen and it was caused by the job."
See also Kane v. South Central Bell, 368 So.2d 3 (Ala. 1979).
This liberal construction of the term "accident" is in keeping with the well established policy of this state that the Act must be liberally construed in favor of the employee so that its beneficent purposes may be accomplished. See Kane,supra; Young v. City of Huntsville, 342 So.2d 918 (Ala.Civ.App. 1976), cert. denied 342 So.2d 924 (Ala. 1977). *Page 57 
In keeping with this liberal construction, our appellate courts have recognized as compensable a number of injuries which might not have been found compensable under a narrow construction of the term. See, e.g., Kane, supra (heart attack caused by gradual inhalation of paint fumes); Reynolds MetalCompany v. Gray, 278 Ala. 309, 178 So.2d 87 (1965) (heart attack compensable even though no external traumatic injury or unusual strain shown); Martin Industries, Inc. v. Dement,435 So.2d 85 (Ala.Civ.App. 1983) (rheumatoid arthritic condition caused by physical injury to claimant's ankle). This court has even extended this construction so as to allow that if:
 "it is established by legal evidence that an employee has suffered a physical injury or trauma in the line and scope of his employment and he develops a neurosis as a proximate result of such injury or trauma which neurosis causes or contributes to an occupational or physical disability, such disability is compensable."
Fruehauf Corporation v. Prater, 360 So.2d 999 (Ala.Civ.App.),cert. denied, 360 So.2d 1003 (Ala. 1978). See also BickerstaffClay Products Co. v. Dickson, 444 So.2d 390 (Ala.Civ.App. 1983); Abex Corporation v. Coleman, 386 So.2d 1160
(Ala.Civ.App. 1980).
Claimant argues that as a logical extension of these decisions we should hold that her mental disabilities are compensable even though they are unrelated to any physical injury or trauma. To do so, she asserts, would be to follow the lead of the majority of those jurisdictions which have confronted the issue.
While it is true that a probable majority of state jurisdictions have allowed, at least under certain circumstances, recovery for job-related mental injuries that did not arise from physical injury, see A. Larson, The Law ofWorkmen's Compensation § 42.23 (1986), we find such a general observation to be of little authoritative value. To be of any help in construing the language of our statute, we must know what statutory language was at issue in each jurisdiction.
Upon examining those cases cited by Larson as standing for the "majority" position, we note that of the eighteen state jurisdictions represented only one, Texas, involved the construction of statutory language similar to the "injury to the physical structure of the body" language used in § 25-5-1
(8). See Bailey v. American General Insurance, 154 Tex. 430,279 S.W.2d 315 (1955). Larson praises this decision as "impressive" because of its "well-reasoned, up-to-date analysis of the real nature of injury." See Larson § 42.23 (a).
In Bailey, the claimant's co-worker was killed when one end of the scaffolding they were working on gave way and he fell to the roof of a building eight stories below. The claimant managed to save himself by jumping to the roof of a nearby building the same height as the scaffolding. He suffered only minor physical injuries which did not at all contribute to any disability on his part. The claimant contended, however, that the traumatic effect of the incident had left him suffering from a disabling neurosis. He attempted to return to work, but because of the neurosis, could not successfully do so. Although the applicable statute defined a compensable injury as "damage or harm to the physical structure of the body," the Supreme Court of Texas allowed recovery for the mental disability. They reasoned, in effect, that there was really no valid distinction between physical and "nervous" injury, saying:
 "The phrase `physical structure of the body,' as it is used in the statute, must refer to the entire
body, not simply to the skeletal structure or to the circulatory system or to the digestive system. It refers to the whole, to the complex of perfectly integrated and interdependent bones, tissues and organs which function together by means of electrical, chemical and mechanical processes in a living, breathing, functioning individual."
Bailey, supra. See also Larson § 42.23 (a).
A close examination of those cases cited by Larson as representative of the minority *Page 58 
view on this issue reveals that four of these jurisdictions were construing statutory language similar to that found inBailey and § 25-5-1 (8). See Followill v. Emerson ElectricCompany, 234 Kan. 791, 674 P.2d 1050 (1984) ("any lesion or change in the physical structure of the body"); Jordan v.Southern Natural Gas Company, 455 So.2d 1217 (La.App. 1984) ("violence to the physical structure of the body"); Erhart v.Great Western Sugar Company, 169 Mont. 375, 546 P.2d 1055
(1976) ("resulting in either external or internal physical harm"); Bekelski v. O.F. Neal Co., 141 Neb. 657, 4 N.W.2d 741
(1942) ("violence to the physical structure of the body"). In all of these, compensation for mental injury absent any physical harm was denied.
Interestingly, even Texas has retreated somewhat from the position that there is no valid distinction to be made between physical and mental injury. They have drawn a distinction between physical injury caused by a gradual or repetitious stimulus and mental injury caused by a repetitious or gradual stimulus. The former is compensable; the latter is not. SeeTransportation Insurance Company v. Maksyn, 580 S.W.2d 334
(Tex. 1979). See also Larsen § 42.23 (b) for citation to other jurisdictions which have drawn a similar distinction between a compensable mental injury resulting from a sudden stimulus and a noncompensable mental injury resulting from a gradual stimulus.
From the noted authorities the following observation may be made: Although a majority of jurisdictions recognize as compensable a mental injury which is not accompanied by any physical harm or trauma, in all but one of these jurisdictions, there is apparently no express limitation to physical injury in the applicable statute. However, in all but one of those jurisdictions where the legislature has expressly limited compensation to physical injury, the distinction between physical injury and mental illness without physical injury has been recognized and upheld by the courts.
We choose to follow the majority position which recognizes that where the legislature has expressly required some physical trauma before an injury can be held compensable, that requirement must be upheld by the courts. To do otherwise would be to ignore well-established rules of statutory construction.
In ascertaining legislative intent, a statute must be construed as a whole and, if possible, every section and word in it must be given effect. McWhorter v. State Board ofRegistration for Professional Engineers and Land Surveyors,359 So.2d 769 (Ala. 1978). It cannot be presumed that the legislature used language without any meaning or application.Wright v. Cutler-Hammer, Inc., 358 So.2d 444 (Ala. 1978).
This court is aware of the fundamental beneficent purposes of the Workmen's Compensation Act, see Dan River Mills, Inc. v.Foshee, 365 So.2d 1232 (Ala.Civ.App. 1979), but we cannot give a construction to the Act which will extend it beyond its legitimate scope, nor which the language of the Act does not fairly and reasonably support. City of Jasper v. Sherer,273 Ala. 356, 141 So.2d 202 (1962). We must give effect to the plain language of the statute as enacted by the legislature, regardless of our view as to the wisdom or fairness of the statute. Cunningham v. Milstead Pulpwood Company, 366 So.2d 737
(Ala.Civ.App. 1979).
We believe from the legislature's use of the language "injury to the physical structure of the body" that they intended that only those "accidents" in which some physical injury or harm to the body is produced should be held compensable. Therefore, we hold that Alabama's Workmen's Compensation Act does not extend coverage to mental disorders or injuries that have neither produced nor been proximately caused by some physical injury to the body.
Under the circumstances shown, the claimant's relief must come from the legislature and not the courts. The legislature must be given the opportunity to weigh the various policy questions involved and decide whether the coverage of the *Page 59 
Workmen's Compensation Act must be broadened. The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.