In August 1985, George Edwards filed suit in the Jefferson County Circuit Court for benefits under the workmen's compensation laws of Alabama. Edwards alleged that, in September of 1984, he was injured in an accident arising out of and in the course of his employment with Buchanan Lumber Company.
A hearing was held on September 2, 1986, and the court found in favor of the employee, Edwards. That order stated in part as follows:
 "The Court specifically finds that the plaintiff's severe back injury was not proximately caused by the slipping on the log in September 1984 while on the job, as the plaintiff contends, nor was proximately caused by his stepping from the automobile on Christmas 1984, as the defendant contends. It is the opinion of the Court that plaintiff's severe back problem was proximately caused by his continuous use of heavy equipment, lifting, bending, etc., that eventually incapacitated the plaintiff. In other words, the plaintiff's back condition gradually deteriorated due to his heavy work duties which finally manifested itself when he stepped out of the automobile in December 1984.
 "The Court, after reviewing the evidence, could not in good conscience assign the specific instance of slipping off the log as the proximate cause of the defendant's back injury, but there is no question in the Court's mind that his injury was work related. It would seem harsh to require the plaintiff who lifts heavy logs all day to ascribe which specific log he lifted to his back injury."
The dispositive issue presented for review is whether the trial court's finding that the employee's injury is job related is supported by the evidence.
In a workmen's compensation case, our review is limited to a determination of whether there is any legal evidence to support the trial court's findings of fact. Stoker v. Atrax Div. ofWallace-Murray Corp., 466 So.2d 967 (Ala.Civ.App. 1985).
The record does not show that the employee's injury was caused by "his continuous use of heavy equipment, lifting, bending, etc.," during his work at Buchanan Lumber. Although the employee contended that his injury resulted from a fall in September of 1984, the trial court specifically found that the employee's injury did not occur as a consequence of that incident. Thus there was no event which qualified as an accident which would invoke the application of the workmen's compensation laws. *Page 2 
This court held in City of Florence v. Gallien, 484 So.2d 1095,1097 (Ala.Civ.App. 1986), the following:
 "In order for a court to find an injury, there must have been an `accident' as defined in § 25-5-1
(8), Code of Alabama 1975, which defines accident as an `unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body. . . ." This concept of accident contemplates a reasonably definite period of time during which the accident manifests itself, rather than a gradual disintegration or deterioration. United Telephone and Telegraph Co. v. Culiver, 271 Ala. 568, 126 So.2d 119 (1961)."
The trial court was specific in its finding that Edwards was not injured by a fall in September 1984. Therefore, since gradual deterioration cannot constitute an "accident" under the workmen's compensation act, Edwards cannot be awarded compensation benefits.
This case is due to be reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.