This is a workmen's compensation case.
The employee contends that the stress of her job caused her to suffer emotional trauma and that she was, therefore, entitled to benefits under the Alabama Workmen's Compensation Act (Act). The trial court concluded that the employee was entitled to temporary total benefits. The employer appeals, and we reverse and remand.
The dispositive issue on appeal is whether the employee suffered a work-related "accident." Put another way, did the employee suffer any physical injury to her body?
The facts in pertinent part reveal that on July 2, 1986, the employee was dismissed from her position as Personnel Supervisor and was instructed to "clean out her desk." The employee testified that she then became very upset, but that she proceeded to her office and was in the process of cleaning out her desk when she became dizzy and disoriented. She testified that she did not remember anything else until the next day. She further testified that her husband told her that she fell out of her chair *Page 170 
and was taken by ambulance to the hospital. The emergency room records indicate that the employee was upset, crying, and nervous and that she was given a sedative and released.
It is well settled that only those injuries which are caused by an "accident" arising out of and in the course of one's employment are compensable under the Act. Magouirk v. UnitedParcel Service, 496 So.2d 55 (Ala.Civ.App. 1986). We have also held that to be compensable under the Act, the "accident" must actually produce some physical injury or harm to the body.Magouirk, 496 So.2d 55. In view of this, we have concluded that the "Act does not extend coverage to mental disorders or injuries that were neither produced nor proximately caused by some physical injury to the claimant's body." Belcher v.Pinkerton's, Inc., 519 So.2d 529, 530 (Ala.Civ.App. 1987).
After a careful review of the record, we find no evidence that the employee here suffered any physical injury to her body. There is nothing in the medical records to indicate any physical injury, nor does the employee testify that she suffered any physical injury. Therefore, we find that the trial court erred in awarding the employee any workmen's compensation benefits.
This case is due to be reversed and remanded for proceedings or for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED.
INGRAM and ROBERTSON, JJ., concur.