ROBERT P. BRADLEY, Retired Appellate Judge.
This is a workmen’s compensation case.
On March 31, 1989 Jacqueline Webster (employee) filed an action in St. Clair County, Alabama against Avondale Mills, Inc. (employer). The employee sought workmen’s compensation benefits for an alleged injury arising from her employment as a production line worker.
After ore tenus proceedings ended on January 18, 1990, the trial court found that the employee had a 60% loss of ability to earn and entered judgment in her favor. The employer filed a motion for new trial or, in the alternative, a motion to alter and amend judgment. The trial court denied both motions on May 22, 1990. The employer appeals.
We begin by noting that our review of workmen’s compensation cases is limited to a determination of whether there is any legal evidence to support the trial court’s finding of fact. Ex Parte Patterson, 561 So.2d 236 (Ala.1990). If any reasonable view of the evidence supports the findings of the trial court this court may then deter *52 mine whether the correct legal conclusions have been drawn. Patterson.
The record reveals these pertinent facts: On December 12, 1988 the employee worked for Avondale Mills, Inc. as a “packer” on a production line. The job required that the employee bend to one side to pick up bundles of yarn, then rapidly turn to the other side to put the bundles on a table. The weight of the bundles varied from a few ounces to five pounds, and the employee was required to make this twisting motion as rapidly as possible.
At trial, the employee testified that she was making this twisting motion when she began to feel pain in her back. Approximately thirty minutes later, the employee lifted four five-pound bundles of yarn and turned to throw them on the table beside her. When she turned, the employee felt a sharp pain in her leg and cried out. The employee then moved to another end of the yarn table and again felt an acute pain in her leg. After her attempts to continue working proved futile, the employee informed her supervisor that she was in great pain and was leaving to go to the emergency room of a nearby hospital. The supervisor assented to this.
After examining the employee, the emergency room physician diagnosed the pain as arthritis and prescribed pain medication. The employee was not admitted to the hospital, but was unable to work for several days thereafter. The employee testified that the pain in her leg and back persisted, causing her to work only intermittently throughout December and January. On January 9, 1989 the employee consulted with a neurologist, Dr. Bluitt Landers. Dr. Landers diagnosed the problem as a herniated disk and recommended a microdiskec-tomy to correct it. The employee called the personnel manager of Avondale Mills to notify him of the surgery and to get information about her medical insurance. The employee underwent the operation on January 10. A period of recovery followed, during which the employee was on medical leave away from her job. Dr. Landers opined that the employee could resume some type of employment but would no longer be suited for work as a packer.
The employer first contends that the employee’s injury is not compensable under the Alabama Workmen’s Compensation Act because, the employer says, it did not result from an on-the-job “accident.”
Under the workmen’s compensation statute, the term “accident” is defined as follows:
“[A]n unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means.”
§ 25-5-1(8), Code 1975.
The employer argues that the employee’s back pain was not caused by her employment but was a lingering malady. The employer points out testimony from both the employee and a co-worker which indicates that the employee had experienced back pain throughout the time that she worked as a packer. The employer also stresses that the employee did not tell Dr. Landers that she had been injured on the job.
The test to determine whether a claimant’s job caused her injury is (1) whether, in the performance of her job, the claimant had to exert or strain herself or was exposed to conditions of risk or hazard, and she would not have so strained herself or been exposed to such conditions had she not been performing her job, and (2) whether such exertion or exposure was, in fact, a contributing cause of the injury. Albertville Nursing Home v. Upton, 383 So.2d 544 (Ala.Civ.App.1980).
In its order, the trial court specifically found that the bending, lifting, and twisting motions required by the employee’s work was a contributing cause to her injury. The court further found that, but for her employment, the employee would not have exerted herself in this way. We find that the evidence supports the trial court’s finding, and the test is thus met. There is no error here.
*53 Next, the employer argues that the employee did not give adequate notice of the injury, as required by § 25-5-78 of the Workmen’s Compensation Act. That section provides:
“Every injured employee or his representative shall, within five days after the occurrence of an accident, give or cause to be given to the employer written notice of the accident, and the employee, if he fails to give such notice, shall not be entitled to physician’s or medical fees nor any compensation which 'may have accrued under the terms of this article ... unless it can be shown that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason, but no compensation shall be payable unless such written notice is given within 90 days after the occurrence of the accident....”
It is well established that actual notice is the equivalent of the written notice required by § 25-5-78. International Paper Co. v. Murray, 490 So.2d 1228 (Ala.Civ.App.1984); Suit v. Hudson Metals, Inc., 414 So.2d 115 (Ala.Civ.App.1982). Moreover, oral notification of an injury is sufficient to give an employer actual notice. Ragland Brick Co. v. Campbell, 409 So.2d 443 (Ala.1982).
It is undisputed that the plaintiff spoke with the employer’s personnel manager in mid-February to inform him of her injury and the resultant surgery. The employee also told the personnel manager that her doctor attributed the injury to her job. In its order, the trial court specifically found that this conversation constituted actual notice to the employer as prescribed by the statute. This conclusion is supported by substantial evidence; thus it will not be disturbed on appeal,
There being no error in the trial court’s findings, the judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.