We issued the writ of certiorari to review the Court of Civil Appeals' determination of what is an "accident" under the Workmen's Compensation Act ("Act"), Alabama Code 1975, §25-5-1(8), and to determine whether the petitioner gave her employer proper notice of her injury.
The petitioner, Maida Harris, was employed for seven and a half years as a winder for Avondale Mills, Inc., in its Sylacauga, Alabama, textile plant. Harris's position with Avondale Mills required her to operate a tool known as a "knotter." Harris testified that in December 1986 the knotter began striking her hand between her thumb and forefinger. Harris also testified that she reported this injury to her foreman, who instructed her to place a bandage on the wound and continue her work. According to Harris, on February 17, 1987, while she was working, a severe pain began in her hand and traveled up her arm; she said the pain was such that she could not continue working. The next day, Harris saw a physician, and in May 1987 Harris underwent surgery on her injured hand.
Harris filed a complaint against Avondale Mills, alleging that the injury to her hand arose out of and in the course of her employment with Avondale Mills; Harris later amended her complaint to allege, in the alternative, that she had suffered an occupational disease while working for Avondale Mills. Following an ore tenus proceeding, the trial court found that Harris had not met her burden of proof, in that, it found, she had not established that she had suffered a compensable accident under § 25-5-1(8). Specifically, the trial court held that an accident under § 25-5-1(8) does not include an injury resulting from a gradual disintegration or deterioration and that Harris never gave Avondale Mills notice of her injury. The trial court rendered no finding on Harris's claim of an occupational disease, and Harris has not challenged its failure to render a finding on that claim. The Court of Civil Appeals affirmed the judgment of the trial court.
An "accident" is defined by § 25-5-1(8) as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means." This Court has long concluded that if the job caused the injury then the injury was an "accident" within the intent of the Act. Pow v. SouthernConstruction Co., 235 Ala. 580, 180 So. 288 (1938), Kane v.South Central Bell Telephone Co., 368 So.2d 3 (Ala. 1979). InKane, the Court was asked to hold that an employee's injuries were not the result of an accident because the injuries were incurred over an extended period of time and, therefore, the employer argued, not covered by the Act; the employer argued that the Act's intent was to cover only injuries that happened "suddenly and violently." We declined to so hold, reiterating the point that "[t]he requirement that there must be shown a violent and unusual event which causes the injury [has been] replaced by the principle that there was an accident if the result was unexpected and unforeseen and it was caused by the job." Kane, 368 So.2d at 5 (citations omitted). Therefore, an employee is not required, under the Act, to prove the existence of some violent and unusual event that resulted in his or her injury — if the job caused the injury, then the injury is an accident within the intent of the Act.
The facts of this case clearly indicate that Harris's position as a winder with Avondale Mills served as the reason for her injury; it therefore follows that the injury was indeed an accident. In affirming, the Court of Civil Appeals citedBuchanan Lumber Co. v. Edwards, 531 So.2d 1 (Ala.Civ.App. 1988). The court in Edwards referred to United Telephone Telegraph Co. v. Culiver, 271 Ala. 568, 126 So.2d 119 (1961), for the proposition that "[the] concept of accident [under the Act] contemplates a reasonably definite period of time during which the accident manifests itself, rather than a gradual disintegration or deterioration." *Page 287 Edwards, 531 So.2d at 2, citing Culiver, 271 Ala. at 570,126 So.2d at 120. Culiver quotes heavily from Gentry v. SwannChemical Co., 234 Ala. 313, 174 So. 530 (1937), for support;Gentry was one of several cases that held that an accident related to the event causing the injury, not the result, and that that event must take place suddenly and violently. SeeKane, id., at 4, quoting City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975). As noted earlier, such a definition of "accident" is no longer valid. Kane, id. at 5. The term "accident" is not a characterization of themethod of injury, but the result thereof. See Kane, supra, andHightower v. Brammall, Inc., 435 So.2d 1295 (Ala.Civ.App. 1982). A review of case law bears this point out.
In Kane, the Court determined that a heart attack, brought on by the gradual inhalation of paint fumes over several days, was indeed an accident under the Act. The Court of Civil Appeals, in Albertville Nursing Home v. Upton, 383 So.2d 544
(Ala.Civ.App. 1980), held that a skin condition, resulting from daily contact with caustic cleaning solutions, was an accident under the Act. Also, in B.F. Goodrich Co. v. Martin, 47 Ala. App. 244,253 So.2d 37, cert. denied, 287 Ala. 726, 253 So.2d 45 (1971), an allergic reaction to rubber cement was deemed an accident under the Act even though both the sensitization to the chemical and the allergic reaction occurred over a prolonged period of time.
Harris's injury was an accident under the Act, as the record clearly establishes. The fact that the injury did not manifest itself within a definite time period in no way diminishes the fact that Harris's injury was an accident, for it was her job that caused her injury.
As to the issue of whether Harris gave Avondale Mills proper notice of her injury, it is undisputed that Harris never gave written notice of her injury. Section 25-5-78 does generally require that written notice be given to an employer by an injured employee within 90 days of an accident in order to recover compensation, but written notice is not required if it is shown that an employer had actual notice of the injury.International Paper Co. v. Murray, 490 So.2d 1228
(Ala.Civ.App.), remanded on other grounds, 490 So.2d 1230 (Ala. 1984). Oral notice is sufficient to constitute actual notice.International Paper Co., supra; see also Avondale Mills, Inc.v. Webster, 574 So.2d 51 (Ala.Civ.App. 1990).
The record reveals that Harris did give oral notification of her injury to her supervisor. In December 1986, when the knotter initially injured her hand, Harris told her supervisor of the injury, and on February 17, 1987, when she suffered the acute pain in her hand and arm, Harris again went to her supervisor. Avondale Mills had adequate notice of Harris's injury.
Because Harris suffered an "accident," as defined by the Act, and because her employer, Avondale Mills, had adequate notice of her accident, the Court of Civil Appeals erred in affirming the trial court's judgment. The Court of Civil Appeals' judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.