RUSSELL, Judge.
Carrie M. Thompson (employee) brought this workmen’s compensation action against Brown Nursing Home, Inc. (employer), alleging that she was injured in a work-related accident. The trial court held that the employee suffered from a preexisting condition and that she did not suffer an on-the-job injury while employed by the employer. The employee appeals, contending that the trial court erred (1) in not addressing the issue of whether notice to the employer of the injury had been proven and (2) in determining that the employee suffered from a pre-existing condition without determining whether the pre-existing condition had an adverse impact on her ability to earn or to perform work. We affirm.
At the outset we note that the standard of review in a workmen’s compensation case is a two-step process. This court must determine, first, if there is any legal evidence to support the trial court’s findings and, second, whether any reasonable view of such evidence supports the trial court’s judgment. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). In addition, only those injuries caused by an accident arising out of and in the course of the employee’s employment are compensable under the Workmen’s Compensation Act. § 25-5-51, Ala.Code 1975; J.C. Penney Co. v. Pigg, 544 So.2d 169 (Ala.Civ.App.1989).
In its order the trial court supported its holding that the employee did not suffer an on-the-job injury by finding that the surgeon who performed back surgery on the employee had no knowledge that she suffered a work-related injury, that the employer’s administrator knew of a pre-exist-ing injury, and that the employer was not made aware that the surgery was being performed due to an alleged on-the-job injury-
The trial court further found that there were certain inconsistencies in the testimony. The employee testified in deposition that she was injured around 10 a.m. However, after her immediate supervisor, who had been fired by the nursing home, testified in deposition that she filed an incident report on an alleged injury which occurred before 8 a.m., the employee testified at trial that she was injured before 8 a.m. No incident report was ever found by the employer. In addition, the employee testified originally that she did not see the incident report being filled out by the supervisor and testified at trial that she stood at the nurses’ station while the incident report was being filled out. Finally, the employer’s patient care records indicate that the employee was not assigned to care for the patient whom she alleged she was helping at the time of the injury.
We hold that the trial court’s findings are supported by legal evidence and that a reasonable view of that evidence supports *966 the trial court’s judgment that the employee did not suffer an on-the-job injury. In the absence of a finding of such an injury, we cannot hold that the trial court erred in not making a determination regarding the issues raised by the employee.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.