I am not persuaded that Romines's injury was "unexpected and unforeseen." See Kane v. South Cent. Bell Telephone Co.,368 So.2d 3, 5 (Ala. 1979) ("`The requirement that there must be shown a violent and unusual event which causes the injury [has been] replaced by the principle that there [is] an accident if the result [is] unexpected and unforeseen and it [is] caused by the job.'") (quoting City of Tuscaloosa v. Howard,55 Ala.App. 701, 705, 318 So.2d 729, 732 (1975) (emphasis added)).
Nor am I persuaded that this is a case that satisfies the requirement articulated in Ex parte Trinity Industries, Inc., as to so-called "nonaccidental injury" cases, that the employee must prove that his job duties exposed him to a "danger or risk materially in excess of that to which people are normally exposed in their everyday lives." See Ex parte Trinity Indus., Inc.,680 So.2d 262, 267 (Ala. 1996). Even assuming the worker in this case experienced stress materially in excess of that to which people are normally exposed in their everyday lives, the question would still remain whether that stress was foist upon the employee by the duties of his job, or by the employee himself
because of the manner in which he elected to perform those duties.
The main opinion states that this court is not inclined to require the employer to provide workers' compensation benefits for physical symptoms or changes to Romines's body caused by stress or similar mental injury that, itself, was not a result of a physical injury, "given the arguments presented by the parties on appeal and the facts of this case." 884 So.2d at 876. I note that among those facts is the fact that the employee does not appear to have suffered "an unexpected or unforeseen" injury and the fact that it was the employee himself, not his job, that appears to have caused the mental stress at issue.