Addison Fabricators, Inc. ("Addison"), appeals from a judgment entered by the Winston Circuit Court in favor of Ernest Davis awarding him workers' compensation benefits for an alleged permanent total disability. We reverse and remand.
Davis, who was 56 years old at the time of trial, first began working for Addison in 1987. Addison builds tanks and Davis worked for Addison primarily as a "fitter," fitting large metal cylinders together. On April 19, 1999, Davis was operating a shear machine to cut a piece of metal. While performing this task, the machine malfunctioned and smashed Davis's right index finger, breaking every bone in it. Davis was treated for the injury by Dr. Dan Hirschbruner, an orthopedic surgeon. Davis attempted to return to work twice after the injury, but he professed to being unable to perform the tasks assigned to him due to the damage sustained to his index finger.
Davis filed a complaint for workers' compensation benefits on April 12, 2001. Before trial, Davis was evaluated by Dr. Keith Anderson[1] and Dr. John Walker,[2] both of whom expressed opinions about the extent of Davis's injury. The case was tried in the Winston Circuit Court on September 10, 2002, with the trial court receiving both oral and written evidence. On January 16, 2003, the trial court entered its judgment, finding Davis to be permanently and totally disabled. Specifically, the trial court found that Davis's injury was to his "right index finger," and that he
 "was permanently and totally disabled as the result of the injury above-described, arising out of and in the course of his said employment with [Addison]; because of said injury, and [Davis's] education and training, he is unable to perform work of his trade or obtain reasonably gainful employment, resulting in his permanent and total loss of ability to earn; said injury permanently and totally incapacitates plaintiff from working at and being retrained for gainful employment."
Based on those findings, the trial court awarded Davis $338.65 per week in accrued and future benefits, minus an attorney fee awarded to his counsel. Addison appeals.
Section 25-5-57(a)(3)a., Ala. Code 1975, provides, in part:
 "For permanent partial disability, the compensation shall be based upon the extent of the disability. In cases included in the following schedule, the compensation shall be 66 2/3 percent of the average weekly earnings, during the number of weeks set out in the following schedule:
". . . .
 "2. For the loss of a first finger, commonly called the index finger, 43 weeks." *Page 442 
Further, § 25-5-57(a)(3)d., Ala. Code 1975, provides:
 "Loss of Use of Member. The permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation specified in the schedule for such injury shall be in lieu of all other compensation, except as otherwise provided herein. For permanent disability due to injury to a member resulting in less than total loss of use of the member not otherwise compensated in this schedule, compensation shall be paid at the prescribed rate during that part of the time specified in the schedule for the total loss or total loss of use of the respective member which the extent of the injury to the member bears to its total loss."
In Leach Mfg. Co. v. Puckett, 284 Ala. 209, 214,224 So.2d 242, 247 (1969), the Alabama Supreme Court held:
 "[W]here there is an injury resulting in the loss of a member, or the loss of the use of a member, so as to invoke payment of compensation as provided in [the schedule], and where this is not accompanied by other physical disability (of the body), the payment of the specified sum is intended to fully compensate the injured employee for the injury sustained."
See also Smith v. Michelin North America, Inc., 785 So.2d 1155,1159 (Ala.Civ.App. 2000) ("compensation for a permanent partial disability arising from an injury to [a scheduled member] is governed exclusively by § 25-5-57(a)(3), Ala. Code 1975").
The proper application of § 25-5-57(a)(3) a. and d. was addressed by our Supreme Court in Ex parte Drummond Co.,837 So.2d 831 (Ala. 2002), in which, among other things, the Court noted:
 "In Bell v. Driskill, 282 Ala. 640, 213 So.2d 806
(1968), this Court established an exception that removes certain injuries from the workers' compensation schedule. This Court held in Bell:
 "`[A]lthough the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the [Workers'] Compensation Law to the amount allowed under the schedule for injury to the one member.'
"282 Ala. at 646, 213 So.2d at 811. . . .
". . . .
 ". . . Specifically, the Bell test permitted an injury to a scheduled member to be compensated outside the schedule if the effect of the injury extends to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the injury to the specific member."
837 So.2d at 833-34. The Court then renewed its commitment "to the policy that underlay the Bell test." 837 So.2d at 834. Quoting 4 Lex K. Larson, Larson's Workers' Compensation Law § 87.02 (2001), the Supreme Court concluded:
 "`The great majority of modern decisions agree that, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member is not exclusive.'"
 "(Footnote omitted [in Ex parte Drummond Co.]) This language remains unchanged from the edition of the Larson treatise on which this Court relied in Bell.
Because of the confusion that has *Page 443 
developed surrounding the Bell test, we today adopt the language recited above from Larson, Workers' Compensation Law § 87.02, as the test for determining whether an injury to a scheduled member should be treated as unscheduled."
Ex parte Drummond Co., 837 So.2d at 834-35 (footnote omitted).
It is possible for an injury to a scheduled member that has been determined to entitle the employee to compensation outside of the schedule to be so severe as to render the worker permanently and totally disabled. However, in this case, as was the case in our recent decision in Wal-Mart Stores, Inc. v.Gardner, 885 So.2d 168 (Ala.Civ.App. 2003),
 "[t]he trial court's judgment contains no mention of the so-called `Bell test' or the rule articulated by our Supreme Court in Drummond Co.; there is no determination of the applicability of the provisions of § 25-5-57(a)(3) a. and d. It is not the role of this court to make the findings contemplated by Drummond Co., or by those statutory provisions; that is the task of the trial court. Ex parte R.T.S., 771 So.2d 475, 477 (Ala. 2000)."
Wal-Mart, 885 So.2d at 172.
"The trial judge should make a finding of every fact necessary to sustain the judgment of the court." United Tel. Tel. Co. v.Culiver, 271 Ala. 568, 570, 126 So.2d 119, 120-21 (1961). The trial court in this case neglected to make findings concerning whether Davis's injury entitled Davis to compensation outside of the schedule. Therefore, as we did in Wal-Mart, we must reverse the trial court's judgment and remand the cause for the trial court to enter a judgment consistent with this opinion and with the holding of our Supreme Court in Ex parte Drummond Co.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] The evaluation by Dr. Anderson was done at the request of Davis's counsel.
[2] The evaluation by Dr. Walker was done at the request of Addison's counsel.