MOORE, Judge.
 

 Matthew’s Masonry Company (“the employer”) appeals from a judgment entered by the Etowah Circuit Court awarding Edward Aldridge, Jr. (“the employee”), medical benefits for treatment of his right knee pursuant to Ala.Code 1975, § 25-5-77, a part of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. Because we find that the trial court failed to enter appropriate findings of fact and conclusions of law, we reverse and remand.
 

 In 2007, a controversy arose regarding the employer’s liability to cover the medical costs associated with the treatment of the employee’s right-knee condition. The controversy stems from a settlement agreement reached between the parties and approved by the trial court on December 22, 2000. That settlement agreement provides, in pertinent part:
 

 “The parties have made known to the court that they have reached a compro
 
 *622
 
 mise settlement agreement, subject to the approval of this Court, for the sum of Eighty Thousand and No/100 ($80,-000.00) Dollars as a full and complete settlement of any and all claims for workmen’s compensation benefits under the Workmen’s Compensation Act of Alabama, or otherwise, including temporary total disability, permanent partial disability benefits and vocational rehabilitation benefits.
 
 The [employee’s] rights to future medical benefits for treatment of his back injury are hereby preserved and said benefits shall remain open.
 
 As
 
 further consideration for this settlement the [employee] waives any claim to future medical treatment for psychiatric disorders and also waives any claim for medical expenses in connection with his left knee and his right knee. The employer is hereby discharged for any further liability for psychiatric medical expenses and medical expenses incurred by the [employee] for treatment of either of his knees.”
 

 (Emphasis added.) The employee contends that the employer was responsible for providing treatment for his right-knee condition based on the opinions of his treating physicians that over time the employee’s lower-back injury had led the employee to alter his gait, which, in turn, injured the employee’s right knee. The employee maintains that that part of the settlement agreement leaving open “future medical benefits for treatment of his back injury” left open treatment of any subsequently arising knee injury found to be a direct and natural consequence of the back injury.
 
 See, e.g., Romine v. McDuffie,
 
 341 So.2d 952 (Ala.Civ.App.1977). The employer maintains that that part of the settlement agreement by which the employee waived and discharged the employer from any claim “for medical expenses in connection with his left knee and his right knee” unambiguously releases the employer from liability for medical expenses relating to the treatment of the right knee arising in the future.
 
 See, e.g., Wix Corp. v. Davis,
 
 945 So.2d 1040 (Ala.Civ.App.2005). The employer further maintains that the judgment approving the settlement agreement adopted the terms of the settlement agreement and bars the employee from relitigat-ing the issue of the employer’s liability for future medical expenses relating to the treatment of his right knee.
 
 See, e.g., Shop-A-Snak Food Mart, Inc. v. Penhale,
 
 693 So.2d 479, 480-81 (Ala.Civ.App.1997) (recognizing that res judicata applies to judgments approving workers’ compensation settlements).
 

 In October 2007, the employee filed a motion to compel the employer to cover the medical expenses relating to the treatment of the employee’s right-knee injury. The employer filed a response to that motion in November 2007. The trial court held a hearing on the matter at which it accepted certain medical records and the oral testimony of the employee. Based on that evidence, the trial court entered the following judgment:
 

 “ORDER ON [EMPLOYEE’S] MOTION TO COMPEL MEDICAL CARE AND TREATMENT
 

 “This matter is before the Court on the motion of the [employee] to compel medical care and treatment for the [employee’s] right knee condition.
 

 “The Court having heard argument of counsel and having considered the evidence offered, including dictated medical notes from authorized treating physician Carter Harsh (neurosurgeon) and authorized treating physician Rex Harris, and the testimony offered by the [employee], the Court is of the opinion that there is substantial competent evidence
 
 *623
 
 supporting the assertion made by the [employee] that the [employee’s] need for investigation and treatment of the right knee is related to his accepted back injury.
 

 “From all that appears, the [employee’s] knee condition has developed as a result of an altered gait or problems associated with sciatica and his lower back condition. There is no dispute that the lower back condition is an injury for which the [employer] has accepted responsibility under the [Workers’ Compensation] Act.
 

 “Therefore, consistent with the statutory responsibility imposed by the Act on the employer for the provision of medical care and treatment under the terms and provisions of the Act, it is hereby ORDERED that treatment being recommended by Dr. Rex Harris is and should continue to be the responsibility of the [employer] so long as Dr. Harris continues to confirm that the conditions requiring treatment have manifested themselves, at least in part as a result of problems associated with the [employee’s] accepted lower back condition.”
 

 Under § 25-5-88, Ala.Code 1975, the trial court is required to “decide the controversy” submitted to it by the parties. That “determination shall be filed in writing with the clerk of [the] court ... and [the] judgment ... shall contain a statement of the law and facts and conclusions as determined by said judge.”
 
 Id.
 
 The findings of fact should include a conclusive finding of every fact responsive to the issues presented to and litigated in the trial court, and there should be a finding of every fact necessary to sustain the judgment of the trial court.
 
 See Addison Fabricators, Inc. v. Davis,
 
 892 So.2d 440, 443 (Ala.Civ.App.2004) (quoting
 
 United Tel. & Tel. Co. v. Culiver,
 
 271 Ala. 568, 570, 126 So.2d 119, 120-21 (1961)). In this case, by finding only that the knee injury was related to the back injury, and that the employer accepted liability for future medical treatment relating to the back injury, the trial court did not address the remaining issue litigated by the parties — the effect of the specific language releasing the employer from liability for medical expenses relating to the right knee. Therefore, we have no choice but to reverse the trial court’s judgment and to remand the case for the trial court to make findings of fact and conclusions of law relating to that issue.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.