This is a workmen's compensation case.
Jerry Gallien was employed by the City of Florence (City) as a fireman. On October 14, 1977, he injured his upper back during the course of his employment. As a result of the injury Gallien missed five and one-half months of work. The City paid compensation to the employee during this time.
From 1977 until 1982 Gallien periodically received treatment for pain in his upper back. On October 29, 1982, Gallien was examined by the City physician after he complained of a loss of sensation in his arm. He was referred to a series of doctors who took X-rays and other tests, including a myelogram. Gallien was sent home a few days after the myelogram was taken. Shortly after he returned home, he began experiencing severe pain in his lower back and right hip. This pain has continued since the myelogram. Gallien has been unable to work since January 3, 1983.
Gallien brought suit for workmen's compensation benefits in April 1983. The employer filed a motion to dismiss, alleging that the one year statute of limitations set forth in §25-5-80, Code of Alabama 1975, barred the action. This motion was denied. The trial court awarded compensation to Gallien. The employer obtained review by writ of certiorari.
The issues on appeal are: (1) whether the one-year statute of limitations contained in § 25-5-80 of the Code barred Gallien's claims for workmen's compensation benefits and, (2) whether the trial court erred when it found that Gallien had suffered a job-related injury.
Section 25-5-80, Code of Alabama 1975, provides a one-year statute of limitations for the filing of an action for workmen's compensation benefits. Cunningham v. MilsteadPulpwood Co., 366 So.2d 737 (Ala.Civ.App. 1979). The statute begins to run from the date of the injury. Morgan v. RheemManufacturing Co., 395 So.2d 1030 (Ala.Civ.App. 1981).
This action was commenced in April 1983. The testimony from the hearing reveals that the only job-related injury sustained by Gallien occurred in 1977. Gallien testified that he had not sustained an injury on the job in late 1982 or early 1983. Two doctors testified that the lower back pain that began in 1983 could have been caused by the work-related injury of 1977. One doctor also testified that Gallien has fibrositis in his back, which is causing some of the pain and further stated that it was medically possible that the fibrositis was caused by the 1977 injury. The testimony at trial clearly indicates that the one-year statute of limitations began to run in October 1977, therefore barring the employee's suit which was brought in April 1983.
This court reviews workmen's compensation cases by writ of certiorari. Blackmon v. R.L. Zeigler Co., 390 So.2d 628
(Ala.Civ.App. 1980). Therefore, our review in these cases is limited to questions of law and to a determination of whether there is any legal evidence to support the findings of the trial *Page 1097 
court. Floyd v. Housing Authority, 397 So.2d 136 (Ala.Civ.App. 1981).
In order for a court to find an injury, there must have been an "accident" as defined in § 25-5-1 (8), Code of Alabama 1975, which defines accident as an "unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body. . . ." This concept of accident contemplates a reasonably definite period of time during which the accident manifests itself, rather than a gradual disintegration or deterioration. United Telephone and Telegraph Co. v. Culiver,271 Ala. 568, 126 So.2d 119 (1961).
The trial court states in its final judgment that Gallien suffered a work-related injury on or before January 3, 1983. However, the testimony reveals that Gallien did not sustain a work-related injury in late 1982 or early 1983. The doctors' testimony indicates that the lower back pain might have been caused by the 1977 accident, and the definition of accident in § 25-5-1 (8) does not include a gradual deterioration. Therefore, we opine that there is no legal evidence in the record which supports the trial court's judgment.
We reverse the judgment of the circuit court and remand the cause to that court for a proceeding consistent with this opinion.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.