William Lance FREEMAN *v.* TIFFANY STAND AND FURNITURE, ARGONAUT INSURANCE COMPANY, and AMERICAN MUTUAL INSURANCE COMPANY

CA 86-296                           726 S.W.2d 294

Court of Appeals of Arkansas
Division II
Opinion delivered March 25, 1987

184

*Guy Jones, Jr., P.A.,* for appellant.

*Friday, Eldredge & Clark,* by: *Elizabeth J. Robben* and *James C. Baker, Jr.,* for appellees.

JAMES R. COOPER, Judge. On this appeal from a decision of the Workers' Compensation Commission, the only issue is whether the Commission correctly decided that the claim was barred by the statute of limitations. We find that the Commission erred and we reverse and remand.

The appellant received a compensable injury on July 6, 1982. His medical bills were paid, but because he only missed one day of work no other benefits were paid. The injury occurred when the appellant was lifting some table tops and he was diagnosed as having lumbar strain syndrome. At the hearing, the appellant testified that he has suffered back pain continuously since the accident, but that it was manageable with aspirin and pain pills. However, in March, 1984, the pain became more severe and moved into his legs. He was initially treated by Dr. Phil Peters, who believed that the pain the appellant was suffering was peripheral neuropathy associated with the appellant's diabetic condition. Dr. Peters referred the appellant to Dr. David Reding. After a myelogram, it was discovered that the appellant had a herniated disc and surgery was performed on August 20, 1984.

The administrative law judge found that the appellant's ruptured disc was latent prior to July 25, 1984, and that the claim

was not barred by the statute of limitations. On *de novo* review the Commission found that the appellant's disc problem was not latent, but patent, and that the claim was barred by the statute of limitations. The Commission found that the claimant knew, or should have known, the serious nature of his back injury and that the duty was upon him to file a claim within the statutory period of time.

Although the appellant raises two points for reversal, both points actually question the sufficiency of the evidence to support the Commission's finding that the injury was patent and not latent. On appeal, we must review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Thus, before we may reverse a decision by the Commission, we must be convinced that fair-minded persons with the same facts before them could not have reached the conclusion arrived at by the Commission. *St. John* v. *Arkansas Lime Co.,* 8 Ark. App. 278, 651 S.W.2d 104 (1983).

The statute involved in this case, Ark. Stat. Ann. § 81-1318 (b) (Repl. 1976), provides in pertinent part:

> In cases where compensation for disability has been paid on account of injury, a claim for additional compensation shall be barred unless filed with the Commission within one [1] year from the date of the last payment of compensation, or two [2] years from the date of the injury, whichever is the greater.

The word injury, as used in this statute, has been interpreted to mean the state of facts which first entitled the claimant to compensation, so that even if the injury does not develop until sometime after the accident, the cause of action does not arise until the injury develops or becomes apparent. *Cornish Welding Shop* v. *Galbraith,* 278 Ark. 185, 644 S.W.2d 926 (1983).

Disability is defined as incapacity because of injury to earn, in the same or any other employment, the wages the employee was receiving at the time of his injury. *Shepard* v. *Easterling Construction Co.,* 7 Ark. App. 192, 646 S.W.2d 37 (1983). The statute of limitations does not begin to run until the employee knows or should reasonably be expected to be aware of

the extent or nature of the injury. *Woodard* v. *ITT Higbie Manufacturing Co.,* 271 Ark. 498, 609 S.W.2d 115 (1980).

In our review of this case, we are convinced that fairminded persons could not find that the appellant knew or should reasonably have been expected to be aware of the extent of his injury. The appellant was first diagnosed as having lumbar strain. He also testified that he continued to suffer pain from that date on. However, it is clear that the severity of the injury was not revealed until March, 1984. The record indicates that the appellant was able to work during this period of time and that the pain became more severe only after he was transferred to a position which required an increase in lifting, stooping and bending. Although the appellant admitted that he occasionally complained of back pain to his supervisors he also stated that "he didn't go into no deep discussion about it." Aside from temporary layoffs, the appellant did not suffer any wage losses as a result of his injury until June 23, 1984. Even the doctor who had been treating the appellant for diabetes since 1970 at first believed that the pain was caused by his diabetic condition.

Dr. Reding testified that although persons with sedentary jobs can sometimes suffer from disc problems, in his opinion the appellant's herniated disc was caused by the 1982 injury combined with the repeated wear and tear, lifting, pulling and pushing required by his job. Furthermore, there is nothing in the record to indicate that the appellant suffered any other injury which could be the cause of the herniated disc.

We hold that the evidence in this case shows that the appellant did not know, or could reasonably be expected to know, the extent or nature of his injury until March, 1984. Since the appellant timely filed his claim, this case must be reversed and remanded for a determination on the merits of the appellant's claim.

Reversed and remanded.

CRACRAFT and MAYFIELD, JJ., agree.