**Paul EVJEN, Appellant,**

v.

**NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.**

**Civ. No. 870337.**

Supreme Court of North Dakota.

Sept. 20, 1988.

Joseph F. Larson, II (argued), Jamestown, for appellant.

Clare R. Hochhalter and Dean J. Haas, Asst. Attys. Gen., North Dakota Workers Compensation Bureau, Bismarck, for appellee; argued by Dean J. Haas.

LEVINE, Justice.

Paul Evjen appeals from a district court judgment affirming a North Dakota Workers Compensation Bureau decision dismissing his claim for benefits because it was not timely filed. We affirm.

Evjen began working at the North Dakota State Hospital on December 27, 1982. In 1983 he suffered the onset of headaches that lasted eight or ten hours once or twice a month. He first consulted a doctor about the headaches in November of 1983. On August 1, 1984 Evjen's doctor suggested that he not work the afternoon shift because of his headaches. The headaches worsened until Evjen quit his job on November 11, 1985, because, as he testified, "[t]hey were just so strong that it hurt so

much and I was not able to function in a job situation."

Evjen applied for benefits on March 13, 1986. The Bureau found:

### "V.

"A medical report dated August 1, 1984, indicates that the claimant told his physician that his headaches and weight loss were related to stress on the job.

### "VI.

"The claimant's physician's impression on August 13, 1984, was that to a large degree the claimant's headaches were caused by significant stress on the job and recommended that the claimant transfer to a different unit.

\*    \*    \*    \*    \*    \*

### "XI.

"Claimant testified that his headaches were caused by stress on the job and that two doctors felt that it was caused from stress on the job.

### "XII.

"Claimant testified that he was aware of the connection between stress on the job and his headaches in August and September of 1984.

\*    \*    \*    \*    \*    \*

### "XIV.

"The date of injury can be determined with certainty to be August 1, 1986.[1] In addition, the day the claimant first knew or should have known that his condition was causally related to his employment was August 1, 1984.

### "XV.

"The claimant's claim was filed more than one year after the date of injury and/or the date that he knew or should have known that the condition was related to his employment."

The Bureau dismissed Evjen's claim, concluding that it lacked jurisdiction because the claim was not timely filed. Evjen appealed to the district court, which affirmed the Bureau's decision.

While Evjen has raised several issues on appeal, we deem the dispositive issue to be whether his claim was timely filed. We conclude that the claim was not timely filed and that determination of the other issues raised is unnecessary.

Section 65–05–01, N.D.C.C., provides in part:

"*65–05–01. Claims for compensation —When and where filed.* All original claims for compensation shall be filed within one year after the injury or within two years after the death. The date of injury for purposes of this section shall be the actual date of injury when such can be determined with certainty by the claimant and bureau. When the actual date of injury cannot be determined with certainty the date of injury shall be the first date that a reasonable person knew or should have known that the injury was related to employment...."

The Bureau construed the statute as depriving it of jurisdiction over Evjen's claim because the claim was filed more than one year after Evjen's injury and more than one year after he knew or should have known that the injury was related to employment. The statute must, of course, be construed liberally in favor of injured workers so that the benefit provisions of the Workers Compensation Act may be extended to all who can fairly be brought within them. *See Kroeplin v. North Dakota Workmen's Compensation Bureau,* 415 N.W.2d 807 (N.D.1987); *Lass v. North Dakota Workmen's Compensation Bureau,* 415 N.W.2d 796 (N.D.1987).

■ In using "a reasonable person" standard in § 65–05–01, N.D.C.C., "the Legislature had in mind the ordinary reasonable lay person and not a person learned in medicine." *Teegarden v. North Dakota Workmen's Compensation Bureau,* 313 N.W.2d 716, 718 (N.D.1981). Thus, under § 65–05–01, N.D.C.C., the time period within which to file a claim relating to an injury whose date of occurrence is

---

1. It is apparent that the Bureau intended to say       August 1, 1984.

uncertain, begins on the first date that a reasonable lay person, not learned in medicine, knew or should have known that the injury was related to his or her employment.

In *Teegarden, supra,* we concluded that because the claimant was not informed by his physician or anyone else that his disease was either caused by or related to his work, and because there was no evidence that "a worker comparable to the one in question here under the conditions of employment should have known that his injury or disease was caused by work or was work-related," the Bureau erred in finding untimely the filing of the claim. *Teegarden, supra,* at 719.

█ The record in this case shows that Evjen knew he was having headaches that were causally related to his employment by August 1, 1984, and that his physician recommended that he stop working the afternoon shift because of his headaches. In an August 13, 1984, letter that Evjen kept and a copy of which he provided to his employer, Evjen's physician referred to Evjen's headaches as a "significant health problem ... caused by significant stress on the job" and stated that he "would like to see him transferred to a different Unit at the State Hospital and also recommend that he not work afternoon shift."

Unlike the claimant in *Teegarden,* Evjen received specific medical advice that his injury was related to his employment and also that it was a significant health problem. Without that advice, this would be a different case because headaches are fairly common afflictions often suffered by many from job stress. A reasonable lay person would not immediately file a claim for compensation upon learning that occasional headaches were work-related.

From the evidence before it, the Bureau found that Evjen's "claim was filed more than one year after the date of injury and/or the date that he knew or should have known that the condition was related to his employment." From our review of the evidence, we conclude that "a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D.1979).

Evjen's reliance upon *Beauchamp v. North Dakota Workmen's Compensation Bureau,* 126 N.W.2d 417 (N.D.1964), is misplaced. In *Beauchamp* we held that under § 65–05–01, N.D.C.C., an injury which results from a progressive disease, fairly traceable to employment and culminating in a compensable disability, dates from the time that it results in incapacity for work. At the time of the *Beauchamp* decision, § 65–05–01, N.D.C.C., provided in relevant part:

"All original claims for compensation for disability or death shall be made within sixty days after injury or death. For any reasonable cause shown, however, the bureau may allow original claims for compensation for disability or death to be made at any time within one year after the injury or death."

Section 65–05–01, N.D.C.C., was amended in 1967 (S.L.1967, ch. 484, § 1) by the addition of the following language:

"The date of injury for purposes of this section shall be the actual date of injury when such can be determined with certainty by the claimant and bureau. When the actual date of injury cannot be determined with certainty the date of injury shall be the first date the injury or diseased condition culminates in a need for medical attention or an incapacity of the employee for work."

The effect of the 1967 amendment was to incorporate *Beauchamp's* incapacity-for-work trigger and add to it an alternative need-for-medical-attention standard.

Section 65–05–01 was again amended in 1977 (S.L.1977, ch. 579, § 8) to provide, as it now does, that:

"When the actual date of injury cannot be determined with certainty the date of injury shall be the first date that a reasonable person knew or should have known that the injury was related to employment."

Thus, the 1977 amendment eliminated not only the 1967 amendment's need-for-medical-attention test, but also *Beauchamp's* incapacity-for-work test. Evjen knew by August 1, 1984, that his headaches were

"related to employment." We are not permitted to disregard the clear and unambiguous statutory language requiring that the period within which to file a claim begin to run at the point that Evjen knew or should have known that his headaches were related to employment.

While "[t]he justice, wisdom, necessity, utility and expediency of legislation are questions for legislative, and not for judicial determination" [Syllabus ¶ 11, *Asbury Hospital v. Cass County*, 72 N.D. 359, 7 N.W.2d 438 (1943)], we invite legislative reconsideration of § 65–05–01, N.D.C.C. To begin the running of a claim period, the claimant should have had reason to be aware of the seriousness of his injury or disease, "since any other rule would force employees to rush in with claims for every minor ache, pain, or symptom." 3 A. Larson, *Workmen's Compensation Law* § 78.41(e), p. 15–213. *See also* 3 A. Larson, *supra*, § 78.52. Starting the period within which to file a claim at "the first date that a reasonable person knew or should have known that the injury was related to employment" encourages employees to "rush in with claims for every minor ache, pain, or symptom" in order to make sure that any future claim for compensation will not be deemed untimely. The present statute imposes an unnecessary burden on the Bureau, the workers compensation fund, employers and employees. At the same time, the statute discourages and penalizes employees who attempt to keep working, rather than filing a claim, after learning that an injury is related to employment. "[I]t seems to us palpably unjust to the employee to deny him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work." *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531, 539 (1936).

AFFIRMED.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE, and MESCHKE, JJ., concur.