668 So.2d 26 (1995)
AMERICAN CYANAMID
v.
Ronnie L. SHEPHERD.
AV93000681.
Court of Civil Appeals of Alabama.
March 31, 1995.
Rehearing Denied May 5, 1995.
Certiorari Denied August 11, 1995.
Thomas M. Galloway, Jr., Mobile, for appellant.
Jay A. York, Mobile, for appellee.
Alabama Supreme Court 1941274.
CRAWLEY, Judge.
This is a workmen's compensation case.
In 1984, Shepherd suffered an on-the-job injury, which required a number of stitches to his hand. He missed no time from work but was given lighter duties for three months. He received full pay for the lighter work. American Cyanamid paid his medical expenses.
In 1990, the scar on Shepherd's hand began to bother him and, on February 5, 1991, he consulted a doctor. The doctor recommended *27 a course of treatment with antibiotics and, if that did not work, then surgery to remove what the doctor suspected might be a foreign body in the old wound. Again, Shepherd missed no time from work. American Cyanamid paid all his medical expenses.
In April 1993, Shepherd had surgery on his hand. American Cyanamid paid for the surgery. Shepherd missed eight and one-half weeks of work, for which American Cyanamid paid him no workmen's compensation benefits. Before he returned to work on June 15, 1993, Shepherd sued to recover those benefits on May 28, 1993. The trial court ruled that Shepherd was entitled to compensation. American Cyanamid appeals.
The only issue on appeal is whether the statute of limitations barred Shepherd's claim. American Cyanamid argues that Shepherd's claim is barred because he did not bring his action within two years of the 1984 injury or within two years of the 1990 "flare-up" of that injury.
The claim period can begin to run only when there is in fact something to claim. Shepherd's medical bills were paid, and he lost no time from work for two years after his 1984 injury, so he had no basis for a compensable claim then. When he did lose time from work in 1993, he had a compensable claim, but, under traditional "time of the injury" analysis, the statutory limitations period had long since run.
American Cyanamid suggests that Shepherd should have filed his complaint, at the latest, within two years of February 5, 1991, the date on which he saw a doctor for the "flare-up" of his old hand injury. On that date, however, and up to the time of his surgery in April 1993, Shepherd still had not missed any time from work and his medical expenses had been paid. Until he lost time from work and American Cyanamid failed to pay him compensation benefits for the period from April 22 to June 15, 1993, there was nothing upon which a claim could be made. See Williams v. Dobberstein, 182 Neb. 862, 157 N.W.2d 776 (1968).
Calculating the beginning of the limitations period at the date of the "accident" or "injury" is overly rigid and unfair in a situation, like this one, in which the worker has a latent injury. This court has previously recognized as much. In Gattis v. NTN-Bower Corp., 627 So.2d 437 (Ala.Civ.App.1993), Presiding Judge Robertson's opinion for the court quoted from Professor Larson as follows:
"`A rigid claims period may operate unfairly not only because the nature, seriousness, and work-connection of the injury could not reasonably be recognized by the claimant, or perhaps even by his doctor, but in many cases because the injury itself does not exist in compensable degree during the claims period. This latent or delayed injury problem presents in the sharpest relief the senselessness of uncompromising time periods. The classic illustration is that of the apparently trivial accident that matures into a disabling injury after the claim period has expired. A workman is struck in the eye by a metal chip, but both he and the company doctors dismiss the accident as a petty one, and of course no claim is made, since there is no present injury or disability. Eighteen months later a cataract develops as the direct result of the accident. If the statute bars claims filed more than one year after the `accident,' and if the court applies the statutory language with medieval literalism, the workman can never collect for the injury no matter how diligent he is: He cannot claim during the year, because no compensable injury exists; he cannot claim after the year, because the statute runs from the accident.'
"2B A. Larson, The Law of Workmen's Compensation § 78.42(a) (1989).
"Professor Larson further writes:
"`It is odd indeed to find, in a supposedly beneficent piece of legislation, the survival of this fragment of irrational cruelty surpassing the most technical forfeitures of legal statutes of limitation. Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitations period runs against a claim that has not yet matured; and when it matures, it is *28 already barred. For good measure, the exclusive remedy provisions of the Compensation Act also abolish claimant's common-law remedies.'
"Larson, § 78.42(b) (emphasis added [in Gattis.])"
627 So.2d at 440. Gattis held that the Workmen's Compensation Act is "now to be construed so as to recognize the reality that certain `accidents' occur over a period of time and that the disabilities resulting therefrom become symptomatic only over a period of time." Id.
In Gattis, this court also questioned the continued vitality of City of Florence v. Gallien, 484 So.2d 1095 (Ala.Civ.App.1986), a case upon which American Cyanamid relies for its argument that Shepherd's claim is time-barred. In Gattis, this court noted that Gallien was "premised on a narrow definition of `accident,' which rigidly adhered to the requirement that an accident be a sudden event." 627 So.2d at 439. This court further observed:
"Such a requirement has been supplanted in case law. In Ex parte Harris, 590 So.2d 285 (Ala.1991), our supreme court explicitly rejected the aspect of `suddenness' in defining `accident,' stating that a definition that looks to the event causing the injury, and not the result thereof, is no longer valid: `if the job caused the injury, then the injury is an accident within the intent of the Act.' Harris at 286.
"Harris was the articulation of a well-established tendency by our courts to recognize longer and longer periods as sufficiently identifiable `times of accident.' In Kane v. South Central Bell Telephone Co., 368 So.2d 3 (Ala.1979), our supreme court held that an employee's heart attack brought on by gradual inhalation of paint fumes over a two-day period constituted an `accident' as that term is used in the Workmen's Compensation Act. In B.F. Goodrich Co. v. Martin, 47 Ala.App. 244, 253 So.2d 37 (Ala.Civ.App.), cert. denied, 287 Ala. 726, 253 So.2d 45 (1971), this court held that an employee who over a period of more than one year became sensitized and violently allergic to rubber cement used in the workplace was injured as a result of an `accident.' In Albertville Nursing Home v. Upton, 383 So.2d 544 (Ala.Civ.App.1980), this court held that a skin condition, resulting from daily contact with caustic cleaning solutions, was an accident under the act. (But see Dodson v. Atrax Division of Wallace-Murray Corp., 437 So.2d 1294 (Ala. Civ.App.1983), where this court held that an employee's allergic reaction as a result of prolonged exposure to metal dust, resulting in bronchitis and hypersensitive airways, was an `occupational disease' within the meaning of the Workmen's Compensation Act.)"
627 So.2d at 439-40.
We hold that a latent injury case like this one calls for the application of a rule like the following one advocated by Professor Larson: "The time period [of the statute of limitations] does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease." 2B A. Larson, The Law of Workmen's Compensation § 78.41(a) at 15-185, -186. That holding puts us in the company of "the great majority of the courts [that] have been sufficiently impressed with the acute unfairness of a literal application of [a limitations period that begins to run with the `accident' or `injury'] to read in an implied condition suspending the running of the statute until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." 2B A. Larson, The Law of Workmen's Compensation § 78.41(b) at 15-234. See, e.g., Freeman v. Tiffany Stand & Furniture, 20 Ark.App. 183, 726 S.W.2d 294 (1987) (statutory period does not begin to run until worker knows or reasonably should know the extent and nature of his injury); Gloria v. Nebraska Public Power District, 231 Neb. 786, 438 N.W.2d 142 (1989) (running of the limitations period is tolled until it is or should be reasonably apparent to a claimant that he is suffering from a compensable disability).
We do not believe that a more flexible application of the limitations period in latent injury cases will open the flood gates for stale or unworthy claims. In fact, at least one jurisdiction has found that measuring the *29 limitations period from the time the worker knows or reasonably should know the extent, nature, and compensability of his injury, has had a salutary effect. In Evjen v. North Dakota Workers Compensation Bureau, 429 N.W.2d 418 (N.D.1988), the North Dakota court recognized that an interpretation like the one American Cyanamid advocates here tends to encourage a rush of small claims to protect any conceivable future claim. The court noted that such an interpretation also overburdens the court system and penalizes employees who try to keep working.
We hold that, under the particular circumstances of this case, the limitations period began to run when Shepherd lost time from work following his surgery in April 1993, and American Cyanamid refused to pay him compensation benefits. Shepherd brought suit shortly thereafter on May 28, 1993.
The judgment of the trial court awarding compensation benefits is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., concurs in result.
MONROE, J., dissents.
MONROE, Judge, dissenting.
I believe Shepherd's workmen's compensation claim is barred by the two-year statute of limitations, Ala.Code 1975, § 25-5-80; therefore, I respectfully dissent.
The majority's opinion changes the law regarding the statute of limitations in workmen's compensation cases, which is the function of the Legislature and not this court. Section 25-5-80 provides, in pertinent part:
"In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in § 25-8-88. In cases involving personal injury due to cumulative physical stress, compensation under this article shall be forever barred unless within two years after the date of the injury one of the parties shall have filed a verified complaint as provided in § 25-8-88."
In its opinion, the majority says that until Shepherd lost time from work and American Cyanamid failed to pay him compensation benefits, there was no basis for a claim. Therefore, the majority says, the statutory limitations period did not begin running until Shepherd lost time from work and American Cyanamid refused to pay compensation for that time. The majority ignores the law as passed by the Alabama Legislature, as well as the case law cited in its opinion, by which the limitations period begins running from the time of the injury, not from the date the employee takes steps to heal that injury.
In reaching its holding, the majority relies heavily upon this court's decision in Gattis v. NTN-Bower Corp., 627 So.2d 437 (Ala.Civ. App.1993). In that case, however, this court did not rewrite the law to say that the limitations period begins to run at some time other than the time of the accident or injury; rather, this court recognized that in cases of a latent injury, or when an accident or injury occurs over time, the date of the injury for statute of limitations purposes would be the last day the employee was exposed to whatever was causing the injury.
Moreover, in the rule put forth by Professor Larson and apparently adopted by majority in this case, the limitations period should begin running when the claimant, "as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease." Professor Larson, and the majority, add that the statute should be suspended "until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained."
This seems to contradict the majority's holding in this case that the statutory limitations period began to run when Shepherd lost time from work following his surgery to heal his injury and when American Cyanamid refused to pay him compensation benefits. Moreover, the majority's holding seems to *30 involve several different dates from which to begin the running of the limitations period. Should the statutory limitations period run from when Shepherd lost time from work? If so, should it run from the first day he missed work, the last day he missed work, or some time in between? Or should the limitations period begin running from the date American Cyanamid refused to pay compensation benefits?
Further, even under Professor Larson's rule, I believe the statutory limitations period ended before Shepherd sued. The record shows that in June 1984, Shepherd injured his hand in a work-related accident. Six years later, in 1990, Shepherd's hand injury "flared up." In February 1991, he went to Dr. Ben Freeman for treatment, saying the scar on his hand was painful and was draining. Dr. Freeman's impression was that Shepherd had "a chronic abscess possibly due to a foreign body in the area of the wound." He recommended first treating the area with antibiotics, then trying surgery if the antibiotics were unsuccessful. Dr. Freeman said he placed no restrictions on Shepherd's activity at that time.
Shepherd did not go back to the doctor until April 1993, some two years after his initial visit seeking treatment for the scar. In April 1993, Shepherd had surgery to excise the scar on his hand. American Cyanamid paid for the surgery. Shepherd did not go to work for eight and one-half weeks following the surgery. American Cyanamid did not pay workmen's compensation benefits for those eight and one-half weeks, so in May 1993, Shepherd sued to recover those benefits.
Clearly, Shepherd had an accident in 1984 that would have started the running of the statutory limitations period. But even if we characterized the problems Shepherd had with his scar as a latent injury, under a latent injury analysis the latest the limitations period should have begun running was February 5, 1991, when Shepherd saw Dr. Freeman. At that time, Shepherd was aware, not only that he had an injury severe enough to require medical care, but that he possibly had a foreign body in the scar and that if antibiotics did not help, surgery would be required. Under Larson's rule, a reasonable person would have known no later than February 5, 1991, that a compensable injury had been sustained.
A review of the record shows that Shepherd apparently did not return to the doctor until April 1993, some 26 months after his February 5, 1991 visit. In April 1993, he requested surgery to excise the scar that had been bothering him since at least 1990, and which he had known since at least February 1991, might contain a foreign body. At the very latest, the limitations period in this case would have expired on February 5, 1993; Shepherd did not file his complaint until May 28, 1993.
I believe the trial court erred by denying American Cyanamid's motion to dismiss pursuant to Rule 41(b), Ala.R.Civ.P., based on the statute of limitations. Therefore, I would reverse the judgment of the trial court.