L. CHARLES WRIGHT, Retired Appellate Judge.
On September 23,1994, Shirley Smith filed a complaint against her employer, ConAgra, Inc., seeking workers’ compensation benefits. Smith alleged that she had developed carpal tunnel syndrome arising out of and in the course of her employment. ConAgra answered, asserting that Smith’s complaint was barred by the statute of limitations. Thereafter, ConAgra filed a motion for a summary judgment, along with supporting documents. Smith filed a response to the motion, along with supporting documents.
On July 8, 1996, the trial court entered a judgment in favor of ConAgra, stating, in pertinent part:
*33 “[ConAgra] alleges that [Smith’s] claim is barred by [the] statute of limitations. The Court agrees with [ConAgra’s] contention that carpal tunnel syndrome is an ‘injury’ as specifically set out in Ala.Code 1975, § 25-5-1(9), amended in 1992.
“The Court also is of the opinion that the injury suffered by [Smith] is of a latent-injury type. The issue then becomes when did [Smith’s] injury mature. The Court is of the opinion that as stated in American Cyanamid v. Shepherd, [668 So.2d 26, 29] (Ala.Civ.App.1995):
‘“We hold that a latent-injury ease like this one calls for the application of a rule like the following one advocated by Professor Larson: “The time period [of the statute of limitations] does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease.” ’ ”
“The Court therefore agrees with [Con-Agra’s] contention that the claim matured on October 15, 1990, when [Smith] reported her pain to her supervisor. The Court finds that [Smith] should have recognized the nature, seriousness, and compensable character of her injury on October 15, 1990. The Court further finds that [Smith] filed this petition on September 23, 1994. Therefore, the Court finds that [Smith’s] claim is barred by the two-year statute of limitations.... ”
Smith appeals, contending that when the statute of limitations for carpal tunnel syndrome begins to run is controlled by this court’s holding in Dun & Bradstreet Corp. v. Jones, 678 So.2d 181 (Ala.Civ.App.1996).
A motion for a summary judgment may be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Aa.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
In Dun & Bradstreet Corp. v. Jones, 678 So.2d 181, 184-85 (Aa.Civ.App.1996), this court addressed the issue of when the statute of limitations for carpal tunnel syndrome begins to run by stating as follows:
“This court must determine what serves as the date of the injury for cumulative trauma disorders, such as carpal tunnel syndrome, for purposes of determining the date from which the statutory limitations period would begin to run on the employee’s claim for workers’ compensation.
“Dun & Bradstreet argues that American Cyanamid v. Shepherd, 668 So.2d 26 (Aa.Civ.App.1995), is controlling, and that the limitations period for Jones’s claim began to run when Jones, as a reasonable person, should have recognized the nature, seriousness, and compensable nature of her injuries. Dun & Bradstreet argues that, at the latest, Jones should have recognized the nature, seriousness, and com-pensable nature of her injuries by March or May 1992, when she took off work because of her injuries.
“Jones argues that Gattis v. NTN-Bower Corp., 627 So.2d 437 (Aa.Civ.App.1993), is controlling, and that the limitations period for her claim began to run at the date of her last exposure to the hazard that caused her injury, which was in August 1993. However, Jones says that even if American Cyanamid was controlling, a reasonable person would not have recognized the nature, seriousness, and compen-sable nature of her injuries until late 1992, when her doctor began actively treating her for carpal tunnel syndrome and linked it to her work.
“In American Cyanamid, this court held that, for latent injuries, ‘ “[t]he time period [of the statute of limitations] does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease.”’ American Cyanamid v. Shepherd, supra, quoting 2B A. Larson, The Law of Workmen’s Compensation § 78.41(a) at 15-185, -186.
“Jones argues that carpal tunnel syndrome and the problems with her shoulder *34 are not the types of injuries contemplated by this court in American Cyanamid, but are instead cumulative physical stress injuries similar to the cumulative-effect ‘accident’ in Gattis, supra. In Gattis, the employee, having been exposed to chemicals at work over a long period of time, filed a claim for workmen’s compensation for injuries caused by that exposure. This court held that the date of the accident, for purposes of determining when the statutory limitations period would begin to run, was the date of the employee’s last exposure to the hazard instead of the date the employee first experienced symptoms of his condition.
“We agree with Jones that her injuries are not the type of latent injury contemplated by this court in American Cyanam-id, but are instead more comparable to the cumulative-effect accident in Gattis. Both injuries sustained by Jones, the carpal tunnel syndrome and the shoulder injury, were not the result of a single ‘accident,’ but were instead, she alleges, caused over time by continuous exposure to cumulative stressors at the workplace.
‘We hold that in eases involving personal injury resulting from cumulative physical stress the date of the injury is the date of the employee’s last exposure to the injurious job stimulation, for purposes of determining the date from which the limitations period begins to run on the employee’s claim for workers’ compensation benefits.”
The record reflects that Smith began having problems with her right hand in the 1980s. Smith reported the pain in her right arm and her right shoulder to ConAgra on December 12, 1990. Smith also reported having pain in her right arm on November 3, 1992, and on December 29, 1993. Smith was diagnosed with carpal tunnel syndrome on February 18, 1994, and she continued to work until her surgery on January 16, 1995.
Based upon our review of the record, we conclude that Smith’s action is not barred by the statute of limitations and that ConAgra was not entitled to a judgment as a matter of law. Therefore, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
All the judges concur.