I take this opportunity to distinguish this case fromAmerican Cyanamid v. Shepherd, 668 So.2d 26 (Ala.Civ.App. 1995), and to clarify the parameters of the holding in that case.
In American Cyanamid, to which I dissented, see, id. at 29, the majority held that "a latent injury case . . . calls for the application of a rule like the following one advocated by Professor Larson: 'The time period [of the statute of limitations] does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease.' " Id. at 28. In applying that rule, the majority determined that Shepherd's limitations period did not begin to run until he "lost time from work following his surgery [to ease an injury from an accident nine years earlier], and American Cyanamid refused to pay him compensation benefits." Id. at 29.
After reviewing the record, I do not believe that Poff had a latent injury that flared up years after the initial work-related accident, nor do I believe that he had a newly compensable injury. In his testimony, Poff candidly said that he had not had a new accident, that he had done nothing at work to aggravate his injury, and that he had been seeking treatment for his injury since the 1987 accident. Even under the rule set forth in American Cyanamid, Poff should have recognized the nature, seriousness, and compensable character of his injury or disease in 1987, when the injury occurred. There is nothing latent about his injury. I agree with the trial court that Poff's action is barred by the two-year statute of limitations.
CRAWLEY, J., concurs. *Page 444