CRAWLEY, Judge.
Neale Rhea (the “worker”) sued Diam-ant Boart American Wheel Trueing Tool Company (the “company”) for workmen’s compensation benefits in July 1989, alleging that in July 1987 he had suffered an injury in the line and scope of his employment and that that injury had resulted in a permanent disability. The worker amended his complaint to allege that he had suffered an additional injury in the line and scope of his employment in August 1994 and that that additional injury had resulted in a permanent disability. Following the presentation of ore tenus evidence, the trial court found that the 1987 injury had resulted in the worker’s having a 27% permanent partial disability and that the 1994 injury had resulted in the worker’s having a permanent total disability. The company filed a postjudgment *539 motion, which the trial court denied. The company appeals.

I. The 1987 Injury

A Statute of Limitations

The company first argues that the worker filed his complaint for benefits for the 1987 injury outside the two-year period allowed by the statute of limitations, § 25-5-80, Ala.Code 1975. That section provides in pertinent part:
“In case of a personal injury not involving cumulative physical stress, all claims for compensation under this article shall be forever barred unless within two years after the accident the parties shall have agreed upon the compensation payable under this article or unless within two years after the accident one of the parties shall have filed a verified complaint as provided in Section 25-5-88.”
The worker injured himself in a work-related automobile accident in 1981. He never sought workmen’s compensation benefits or sought payment for his medical expenses resulting from this accident. Shortly after this accident, the worker began to experience hemifacial spasms, and he has continued to suffer from the hemi-facial spasms and has continued to seek medical treatment for them. The worker again injured himself in 1987 in another work-related automobile accident. The worker contends that the hemifacial spasms substantially worsened after, and were aggravated by, the 1987 accident and that his action filed in 1989 is timely for recovery for the 1987 aggravation of the hemifacial spasms.
We disagree. This court has held that a strict application of the two-year limitations provision of § 25-5-80 is misplaced in instances of a latent injury. American Cyanamid v. Shepherd, 668 So.2d 26 (Ala.Civ.App.1995). In Shepherd, the worker suffered a work-related injury to his hand in 1984; it required stitches, but the worker missed no time from work and did not file for workmen’s compensation benefits. In 1990 and 1991, the worker began to experience more problems with his hand and underwent some more involved medical treatment, but he missed no time from work. In 1993, the worker had surgery, missed several weeks of work, and finally sought workers’ compensation benefits. This court held that the worker’s action was timely even though the initial injury had occurred nine years earlier. The court applied the following rule advocated by Professor Larson: “ ‘The time period [of the statute of limitations] does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease.’ ” 668 So.2d at 28, quoting 2B A. Larson, The Law of Workmen’s Compensation § 78.41(a) at 15-185, -186.
The evidence in this present case is undisputed that the worker’s 1981 injury was not a latent injury. Although the worker did not miss time from work in 1981, he sought treatment for the hemifacial spasms immediately after the injury and continued to receive medical treatment up to the time of the 1987 automobile accident. The worker contends that the 1987 injury aggravated the 1981 injury. The record contains no evidence indicating that the hemifacial spasms following the 1987 injury were worse or were aggravated. Applying the rule of Shepherd, we conclude that the worker, as a reasonable person, should have been aware of the compensable nature of his injury in 1981 and, thus, that the 1989 claim is untimely. § 25-5-80.
Therefore, we reverse that portion of the trial court’s judgment awarding benefits for the 1987 injury.

*540
II. The 1991 Injury

The 1994 injury is governed by the new Workers’ Compensation Act, which states in pertinent part: “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala. Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994), overruled on other grounds, Ex parte Trinity Indus., Inc., 680 So.2d 262 (Ala.1996). Further, this court “will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West [v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989) ]; [Ala.Code 1975,] § 12-21-12(d).” Ex parte Trinity Indus, at 268-69.

A.Legal Causation

The company first argues that the trial court erred by finding that the worker’s injury occurred in the line and scope of his employment, i.e., it argues that the worker did not prove legal causation. We disagree. The worker testified that he fell while making a sales call at a customer’s factory. We conclude that the worker’s testimony is substantial evidence indicating that his injury occurred in the line and scope of his employment; therefore, the worker presented substantial evidence of legal causation.

B.Extent of Disability

The company next argues that the trial court erred by finding that the worker has any disability, much less a permanent total disability, as a result of the 1994 injury. The company correctly argues that, because the worker’s postinjury earnings are greater than his preinjury earnings, the worker is presumed to have no loss of earning capacity. See U.S. Steel, a Div. of USX Corp. v. Nelson, 634 So.2d 134 (Ala.Civ.App.1993).
“‘[However, that] presumption may be rebutted by evidence independently showing incapacity or explaining away the post-injury earnings as an unreliable basis for estimating capacity. Unreliability of post-injury earnings may be due to a number of things; increase in general wage levels since the time of the accident; claimant’s own greater maturity or training; longer hours worked by claimant after the accident; payment of wages disproportionate to capacity out of sympathy to claimant; and the temporary and unpredictable character of post-injury earnings.’ ”
Jim Walter Resources, Inc. v. Hall, 516 So.2d 690, 691 (Ala.Civ.App.1987) (quoting 2 A. Larson, The Law of Workmen’s Compensation § 57.21(d) (1987)).
We conclude that the worker presented substantial evidence that rebuts the presumption that he suffered no loss of earning capacity. The worker testified that as a salesman, his injuries prevent him from making as effective sales calls, and that his sales level has begun to decrease. The evidence also indicates that the worker is near retirement age, and his ability to obtain another sales job is almost impossible.

C.Award of Expenses

The company last argues that the trial court erred by ordering it to pay for certain deposition expenses incurred by the worker. The supreme court has written:
*541 “ ‘We find authority for taxing costs in workmen’s compensation cases in Ala. Code 1975, § 25-5-89, which states: “Costs may be awarded by said court in its discretion, and, when so awarded, the same costs shall be allowed, taxed and collected as for like services and proceedings in civil cases.” Taxing of costs is a matter within the trial court’s discretion and we find no abuse of that discretion here.’ ”
Ex parte Ellenburg, 627 So.2d 398, 400 (Ala.1993) (quoting Universal Forest Products v. Ellenburg, 627 So.2d 395, 397 (Ala.Civ.App.1992), which was reversed by that court on other grounds). The company points us to no abuse of discretion by the trial court in its ordering the company to pay the deposition expenses.

III. Conclusion

The judgment of the trial court is affirmed in all respects except for its award of benefits for the 1987 injury; that portion of the trial court’s judgment is reversed, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED
YATES, J., concurs.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.
MONROE, J., concurs in the result only.