In April 1998, Billy Bailey ("the employee"), a former employee of R. E. Garrison Trucking Co. ("the employer"), filed a two-count complaint seeking workers' compensation benefits from the employer and alleging a retaliatory-discharge claim against the employer for damages under §25-5-11.1, Ala. Code 1975. The parties settled the workers' compensation claim and the trial court approved the settlement in June 1999. The retaliatory-discharge claim remained pending.
In February 2001, the employer filed a summary-judgment motion directed to the employee's retaliatory-discharge claim. After a hearing, the trial court entered a summary judgment in favor of the employer. The employee appealed to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
The issue before this court is whether the trial court erred in entering the summary judgment. We review a summary judgment de novo, applying the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala.R.Civ.P. The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee v. City of Gadsden, 592 So.2d 1036, 1038
(Ala. 1992).
In Alabama, an employee may lawfully be discharged from his employment, with or without cause or justification, for a good reason, a bad reason, or no reason at all. Culbreth v. Woodham Plumbing Co.,599 So.2d 1120 (Ala. 1992). Section *Page 124 25-5-11.1, Ala. Code 1975, states an exception to this rule:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits. . . ."
In regard to actions brought under § 25-5-11.1, the Alabama Supreme Court has held:
 "[A]n employee may establish a prima facie case of retaliatory discharge by proving that he was `terminated' because he sought to recover worker's compensation benefits, which would be an impermissible reason. The burden would then shift to the defendant employer to come forward with evidence that the employee was terminated for a legitimate reason, whereupon the [employee] must prove that the reason [given by the employer] was not true but a pretext for an otherwise impermissible termination."
Twilley v. Daubert Coated Prods., Inc., 536 So.2d 1364, 1369 (Ala. 1988).
On appeal, the employee contends that he presented substantial evidence indicating that he was terminated in response to his filing a worker's compensation claim. The employee contends that the employer fabricated a series of poor work-performance reports in order to justify its termination of his employment in retaliation for his filing a claim based on his workplace injury.
A review of the record reveals that the employee worked as a preventive-maintenance mechanic. On January 7, 1998, while conducting maintenance on a truck, the employee slipped and fell, injuring his left hip and his back. The employee testified that he was taken to a hospital emergency room, but was released, and that he then returned to work. On the following day, he reported to work and performed his regular job duties. Approximately one week following the accident, the employee saw a company doctor, who placed the employee on lifting and bending restrictions, ordered physical therapy, and referred the employee to an orthopedic physician. On February 19, 1998, the company doctor released the employee to "do his regular work." On February 26, 1998, his employment was terminated.
Tim Klein, the vice president of maintenance for the employer, testified in his deposition that the employee was warned orally on three occasions about his poor performance on service jobs. These warnings were for improperly inflated tires, as well as inadequate transmission fluid and oil levels. Klein testified that on the day before the employee was fired, Klein had to "come behind" the employee and "fill in" a truck that had low fluid levels. Klein testified that failing to properly maintain the trucks placed both the truck drivers and the general public at risk for an accident.
The employee denied that he had failed to make specific mechanical checks. Furthermore, the employee stated that he never received any warnings regarding his work performance other than the one he received on the day he was terminated. The employee also testified that Klein ignored his work restrictions and ordered him to continue to work in the service-bay area.
Eddie Stancil, the employee's supervisor, testified that he witnessed a conversation between Klein and the employee regarding specific mechanical checks. Stancil testified that both he and Klein had noticed that the truck Klein inspected on February 25, 1998, had not been properly checked, noting that "you [had] little oil seepings around plugs and when you . . . pull the plug out you can tell it," and *Page 125 
that "[t]he ratchet ha[d] been put in the plug and taken out and put back in." Stancil further testified that the employee had been given three opportunities to admit to these omissions, but that he had refused.
We note that this court has continuously held that "Alabama's [workers'] compensation laws should be liberally construed in favor of the employee in order to advance and effectuate their beneficent purposes." Culbreth v. Woodham Plumbing Co., 599 So.2d at 1123 (citingHilyard Drilling Co. v. Janes, 462 So.2d 942 (Ala.Civ.App. 1985)). The employee denied his supervisors' allegations of poor work performance. He testified that he was not aware of a single mistake he had made during his employment. He also stated that he never received any prior warnings concerning his work performance and that he continued to work in the service-bay area even though he had been placed on bending and lifting restrictions. Given the disputed testimony regarding the events surrounding the employee's dismissal, a jury could believe the employee's testimony over the employer's.
Therefore, after reviewing the evidence in a light most favorable to the employee as the nonmoving party, we conclude that a genuine issue of material fact exists regarding whether the reason given by the employer for the employee's termination was a pretext for an impermissible retaliatory discharge.
The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.