Darlene Walker sued Flagstar Enterprises, Inc., her former employer, seeking benefits pursuant to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"), due to an on-the-job incident that, she claims, eventually rendered her permanently and totally disabled. The trial court entered a summary judgment in favor of Flagstar because, the trial court determined, Walker had filed her claim after the applicable statute of limitations had expired. The trial court specifically held that Walker's injury was not a latent injury, and, therefore, that it did not come under the exception tolling the running of the statute of limitations for claims resulting from latent injuries. We affirm.
Walker started her employment with Flagstar when she began working at a Hardee's fast-food restaurant that was owned and operated by Flagstar in 1992. She subsequently became a manager of the restaurant. On July 8, 1996, while Walker was walking to her automobile to deliver a bank deposit for Flagstar, her purse was stolen. Walker claims that the incident resulted in an injury to her left shoulder and neck and that she missed approximately two weeks of work immediately after the incident. Flagstar paid for Walker's medical treatment as a result of the incident, and it paid her temporary-total-disability benefits for two days.
Over the course of the next nine years, Walker continued to experience shoulder and neck pain. During that time, she was prescribed pain medications, received electrical nerve stimulation and steroid injections, and underwent three surgeries to treat her shoulder and neck pain. Flagstar paid all of her medical expenses related to her shoulder and neck pain. Although Walker's employment with Flagstar was terminated approximately one year after the incident in which her purse was stolen, she continued to maintain full-time employment with various other employers despite her struggles with managing her pain. She claimed that, between the time of the incident in 1996 and when she filed this action in January 2006, the pain was bearable, with only sporadic periods of *Page 1139 
great pain; therefore, she said, she had not previously sued Flagstar seeking benefits for a permanent partial or a permanent total disability. However, Walker has filed two previous lawsuits against Flagstar regarding this same injury.
In March 2000, Walker sued to receive medical benefits from Flagstar. The parties settled their dispute, and the case was dismissed. Walker filed the second lawsuit in June 2001, and that lawsuit was also dismissed by the trial court after the parties settled. In the second lawsuit, just as in the first one, Walker sought medical benefits from Flagstar. However, Walker included the following additional allegations in her complaint in the second lawsuit:
 "[Walker] contends that she has a permanent disability due to her on-the-job injury of July 8, 1996, and desires a copy of the [Functional Capacities Evaluation].
 "[Walker] requests the Court to Order [Flagstar] to provide the Court with the [Functional Capacities Evaluation] results so that the ultimate determination of [Walker's] degree of permanent disability can be expedited."
Walker claims that, in April 2005, the pain became so unbearable that she could no longer take all the pain-management medication she required and still work. Walker claims that she decided on April 8, 2005, that she had exhausted all possible remedies known to her and her doctors and that her injury to her shoulder and neck had resulted in a permanent total disability. Subsequently, Walker's treating physician affirmed her determination and provided a written opinion that Walker's pain was permanent and required continuous medication therapy. The physician opined that Walker was permanently and totally disabled and unable to work due to her pain.
When Flagstar denied her request for permanent-total-disability benefits, Walker filed the present action against Flagstar on January 5, 2006. The trial court entered a summary judgment in favor of Flagstar, concluding that Walker's injury was not a latent injury and that the applicable statute of limitations barred Walker's claim.
Walker timely appeals, alleging that the trial court erred by determining that her claim was barred by the statute of limitations; she specifically asserts that the trial court erred in determining that her injury was not a latent injury and, thus, that her claim did not fall within the latent-injury exception to the statute of limitations for workers' compensation claims.
 Standard of Review
This court's review of legal issues in a workers' compensation case is without a presumption of correctness. See
§ 25-5-81(e)(1), Ala. Code 1975, and Flesher v. SaginawDiv., Gen. Motors Corp., 689 So.2d 113 (Ala.Civ.App. 1996). In Bailey v. R.E. Garrison Trucking Co.,834 So.2d 122, 123 (Ala.Civ.App. 2002), this court reviewed a summary judgment in a workers' compensation case and stated our standard of review as follows:
 "A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing `that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law.' Rule 56(c)(3), Ala. R. Civ. P. The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala. 1990). If the *Page 1140 
movant meets this burden, `the burden then shifts to the nonmovant to rebut the movant's prima facie showing by "substantial evidence."' Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala. 1992)."
834 So.2d at 123.
 Discussion
Generally, workers' compensation claims for injuries resulting from work-related accidents must be brought within two years of either: 1) the accident or 2) the date of the employer's last voluntary payment of compensation benefits resulting from the accident. If a claim is not filed before the applicable period expires, the claim is barred by the statute of limitations in the Act. Ala. Code 1975, § 25-5-80.
However, in American Cyanamid v. Shepherd,668 So.2d 26 (Ala.Civ.App. 1995), this court adopted a judicial exception to the general rule that a claim is barred if not filed within two years of the date of the injury. According toShepherd, "`[t]he time period [of the statute of limitations] does not begin to run until the claimant, as a reasonable person, should recognize the nature, seriousness, and compensable character of his injury or disease.'"668 So.2d at 28 (quoting 2B A. Larson, The Law of Workmen'sCompensation § 78.41(a) (1989)). Thus, for a latent injury, the two-year period for filing a claim begins to run from the time the party, acting reasonably, should have known of the nature, seriousness, and compensability of the injury.See Shepherd, supra; Dun Bradstreet Corp. v.Jones, 678 So.2d 181 (Ala.Civ.App. 1996); and Smith v.ConAgra, Inc., 694 So.2d 32 (Ala.Civ.App. 1997).
Sections 25-5-80 and 25-5-1(1) (defining "compensation") distinguish "medical" payments from "compensation" payments, the latter of which toll the running of the statute of limitations until two years after the last payment date. This court has held that an employer's provision of medical benefits does not function as "compensation" and does not toll the statute of limitations. See Blackmon v. R.L. ZeiglerCo., 390 So.2d 628 (Ala.Civ.App. 1980) (noting that our legislature has made it clear that medical payments, unlike compensation payments, do not toll the statute of limitations). Walker's claim clearly falls outside the statutory period prescribed for filing a workers' compensation claim because it was filed approximately nine and one-half years after the date of the injury. See § 25-5-80, Ala. Code 1975.
However, Walker asserts that Shepherd is controlling because her alleged permanent total disability was a "latent" injury; thus, she claims, the latent-injury exception to the general two-year statute of limitations should apply to her case. According to Walker, even though she was aware of damage and pain sustained to her shoulder and neck as a result of the theft of her purse, her injury was, nonetheless, "latent" because, she asserts, the "full extent" of her injury — namely, the fact that it would render her permanently and totally disabled — was not known to her until April 2005.[1] She asserts that the trial *Page 1141 
court should have used April 8, 2005, as the date on which the statute of limitations began to run, thus allowing her action, which was filed in January 2006, to fall within the prescribed two-year period for bringing a workers' compensation claim. We disagree.
The undisputed facts of the present case reveal that, more than two years before filing her action in January 2006, Walker knew, or reasonably should have known, that her work-related injury in 1996 was one that had likely resulted in some type of permanent disability, whether partial or total. In Walker's complaint in her second lawsuit regarding this injury, which was filed in June 2001, she claimed that she had "a permanent disability due to her on-the-job injury of July 8, 1996." Moreover, she requested the court to order Flagstar "to provide the court with the [Functional Capacities Evaluation] results so that the ultimate determination of [Walker's] degree of permanent disability can be expedited." Walker's complaint in her second lawsuit demonstrates that Walker knew, or had reason to know, at the latest on the date she filed the complaint in June 2001, that the 1996 incident had resulted in a serious injury of a compensable nature. Walker did not act on that knowledge, however, until she filed her complaint in the present action in January 2006, well after both the two-year statute of limitations and the judicial exception for latent injuries adopted in Shepherd had run.
Furthermore, Walker's injury is distinguishable from the injury this court considered to be a "latent" injury inShepherd. In Shepherd, an employee injured his hand in 1984, but he missed no time from work. During the next six to seven years, the employee suffered little or no problems as a result of the injury to his hand. Finally, in 1990, problems from the injury "flared-up" and eventually led to surgery and the employee's inability to work during eight weeks of rehabilitation. In contrast, Walker, although asserting that the pain from her injury was sporadic — bearable at times, but with intermittent periods of great pain — continuously complained of pain, changed jobs due to difficulties in performing tasks because of that pain, and continuously received medical treatment for her injury.
In Shepherd, the employee did not know or have reason to know during the period between the injury and the manifestation of damage resulting from that injury that he had a "compensable" injury. Because the employee had not missed any time from work and his medical expenses had been paid, there was "nothing upon which a claim could be made."668 So.2d at 27. In contrast, Walker knew, or should have known, well before filing her present action in January 2006, that she had sustained damage to her shoulder and neck, because, as the record indicates, she continually struggled with pain from the injury over the next nine and a half years, she sought medical treatment for the pain, she was forced to limit her job activities (and even changed jobs) due to the pain from the injury, and as early as 2001, she alleged that she had suffered some type of permanent disability.
Nevertheless, Walker contends that the Shepherd
latent-injury exception should apply to her claim because, she asserts, she did not know or have reason to know the "full extent" of her disability — i.e., she did not realize that she had a permanent total disability. In effect, she argues that Shepherd should be interpreted to save any claim alleging permanent total disability *Page 1142 
from being barred by the statute of limitations if the "permanency" or the "totality" of the disability was neither known nor reasonably knowable within the limitations period. We hold that our decision in Shepherd is not susceptible to such an interpretation.
In Shepherd, we considered it important that the employee had no basis upon which to make a claim within two years of his on-the-job accident. We explained the effect of our adoption of the latent-injury exception to the general statute of limitations for claims under the Act as follows:
 "[Adopting the latent-injury exception to the statute of limitations in the Act] puts us in the company of `the great majority of the courts [that] . . . read in an implied condition suspending the running of the statute until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.'"
Shepherd, 668 So.2d at 28 (quoting 2B A. Larson,The Law of Workmen's Compensation § 78.41(b)) (emphasis added). See also Gloria v. Nebraska Pub. PowerDist., 231 Neb. 786, 438 N.W.2d 142 (1989) (holding that the limitations period is tolled until it is or should be reasonably apparent to a claimant that he is suffering from a compensable disability). Thus, we cannot agree that our decision in Shepherd should be interpreted as tolling the statute of limitations in the Act until an employee becomes aware, or reasonably should be aware, of the "full extent" of the employee's disability — i.e., whether a disability is temporary versus permanent or partial versus total. Rather, we hold that, in accordance with Shepherd, the statute of limitations in the Act is tolled until an employee recognizes or should reasonably recognize the "nature, seriousness, and compensable character" of an injury so that the employee knows, or should reasonably know, that he or she has sustained an injury that is compensable — regardless of whether the employee yet recognizes whether the injury is temporary or permanent or whether the injury is partial or total. SeeShepherd, 668 So.2d at 28.
Although this court has never addressed this specific issue, our interpretation of the latent-injury exception is in line with the interpretation of similar exceptions by other jurisdictions. See, e.g., Ranney v. Parawax Co.,582 N.W.2d 152 (Iowa 1998) (stating that, under Iowa law, once a claimant knows or should know that his or her condition is possibly compensable, he or she has the duty to investigate to ascertain whether the known condition is probably, as opposed to merely possibly, compensable); Quaker Oats Co. v.Miller, 370 So.2d 1363 (Miss. 1979) (reiterating that the two-year limitations period does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained, and clarifying that "compensable" injury means that the disabling injury was work-connected); Torres v. Plastech Corp.,124 N.M. 197, 947 P.2d 154 (1997) (holding that the mere fact that a claimant did not know the full extent of his injury from a medical standpoint did not excuse him from filing his claim);Escarra v. Winn Dixie Stores, Inc., 131 So.2d 483
(Fla. 1961) (explaining that recognition of the "probable compensable character" of an injury or disease would require that a claimant have knowledge of facts that would indicate to a reasonable person that a physical impairment was causally related to a previous minor accident); and Florida Hosp. v.Williams, 689 So.2d 1255 (Fla.Dist.Ct.App. 1997) (holding that the "reasonable person" exception does not cover long-term complications of a known serious injury or compensable *Page 1143 
medical procedure, after the two-year statute of limitations has expired, despite the fact that an employee may not have foreseen the exact complication that later developed but was aware of the injury, the subsequent surgery, and the ensuing pain therefrom).
Larson, in his treatise on workers' compensation law, explains that the "compensable character" of an injury is connected with its relation to employment, not with what might be considered the "full extent" of an injury or disability. See 7 A. Larson L. Larson, Larson's Workers' CompensationLaw § 126.05[6] (2007). See also Quaker Oats Co.v. Miller, supra (noting that in many of the cases cited in Larson's Workers' Compensation Law the term "probable compensable character" means nothing more than that the injury or disease was work related).
Even viewing the evidence in the light most favorable to Walker, as we must, Bailey, 834 So.2d at 123, we cannot hold that there exists a genuine issue of material fact as to whether Walker's injury was a "latent" injury. Walker experienced regular bouts of great pain over the nine and a half years after her injury, and she alleged as early as 2001 that she had sustained a permanent disability. Flagstar was entitled to a summary judgment because the latent-injury exception does not apply to Walker's claim, and, therefore, Walker's claim was barred by the statute of limitations.
The judgment of the Autauga Circuit Court is hereby affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
[1] In addition to characterizing her injury as "latent," Walker also characterizes her injury as one involving "gradual deterioration." Walker alleges that in gradual-deterioration cases, the maximum extent of the seriousness or permanency of the injury might not be known until after the two-year limitations period has expired. However, Walker neither makes any further argument nor cites any additional authority for the proposition that a gradual-deterioration case should be analyzed under any different standard than the latent-injury exception espoused in Shepherd, supra. Therefore, this court will consider only whether the summary judgment was properly entered against Walker in light of the facts of this case and the principles espoused in Shepherd. Martin v.Patterson, 975 So.2d 984, 994 (Ala.Civ.App. 2007); seealso Rule 28(a)(10), Ala. R.App. P.